GALLALEE

*v.*

CALVERT & ALS.

*(Supreme Court of Appeals of Virginia, May, 1884.)*

[Virginia Law Journal, 1884, p. 418.]

**Constitutional Law—When Legislature May Declare Cases in Which Offices Shall Be Deemed Vacant.**

Where no provision is made for that purpose in the constitution, the legislature may declare the cases in which any office shall be deemed vacant. Va. Const., art. V, § 22.

Petition for a writ of mandamus.

This case should be read in connection with that of Black v. Trower, *supra*. The petitioner, Gallalee, was appointed registrar for the fourth ward of Portsmouth on January 24, 1884, under the law as it then was. He held at that time, and continued to hold thereafter, a position in the navy yard at Norfolk. On March 25, 1884, the respondent, Calvert, was appointed registrar for that ward by the electoral board of Portsmouth, under the act of the legislature of February 14, 1884, which was under review in Black v. Trower. On March 28, 1884, at the demand of Calvert the petitioner delivered up the office and Calvert entered upon its duties. The petitioner afterwards applied for this writ to be restored to the office, upon the ground that the act creating the electoral board, under whose appointment Calvert held, was unconstitutional and void. A rule *nisi* was awarded against Calvert and the electoral board of Portsmouth. The case was heard along with Black v. Trower, and the right of the

1 Va Dec—36

respondent (Calvert) to the office is governed by that decision. The act of the legislature of February 22, 1884, declaring certain cases in which offices shall be deemed vacant, is set out in the opinion.

*D. J. Godwin, Christian & Christian* and *J. F. Crocker*, for petitioner.

*Pegram & Stringfellow, R. C. Marshall* and *W. H. Burroughs*, for respondents.

LEWIS, P., delivered the opinion of the court.

It appears by the record that at the time of the petitioner's appointment as registrar for the fourth ward of the city of Portsmouth, he was in the employment of the United States in the Gosport navy yard; that he has since continued in that employment, and has regularly received for his services a stipulated compensation.

Where no provision is made for that purpose by the constitution, the legislature is empowered to declare the cases in which any office shall be deemed vacant. Constitution, art. V; sec. 22. And by an act approved February 22, 1884 (Acts of Assembly 1883–84, p. 181), it is declared that any person holding any post of profit, trust, or emolument under the government of this state, or any town, city or county thereof, who shall receive in any way from the United States any emolument whatever, or who accepts any post of profit, trust or emolument, or employment in any capacity, under the government of the United States, shall *ipso facto* vacate his post under the government of the state, town, city, or county, as the case may be ; and it is made the duty of the proper authorities of the commonwealth to take such action as may be necessary to fill the vacancy so created whenever the fact of such vacancy shall be brought

to their attention.    The petitioner must, therefore,  be held to have waived his right to the office of registrar by his continuance in the  employment of  the United States,  and consequently that office must be deemed to be  vacant.

The rule is discharged.

RICHARDSON, J., dissents.