Statement.

---

# Richmond.

CITY OF RICHMOND v. JOHN J. LYNCH AND WALTER G. DUKE

January 17, 1907.

Absent, Cardwell, J.

1. MUNICIPAL OFFICERS—*Incompatible Positions—Constitutional Provision—City Ordinance.*—A member of a common council of a city is an elective officer under the constitution, and that instrument having declared what political positions shall be deemed incompatible with such office, it is not competent for the city, by ordinance, to add other inhibiticns to those therein enumerated, nor could the Legislature confer such power upon the city unless the power to do so were granted by the constitution expressly or by necessary implication. Membership of a standing committee of a political party is not prohibited to members of a city council by the constitution.

2. MUNICIPAL CORPORATIONS—*Powers—City Officers—Incompatible Positions—Case at Bar.*—In the absence of authority, express or implied, in a city charter, the city has no authority to declare it unlawful for a city official, employee, or member of any municipal board, to serve as a member of any standing committee of any political party, and an ordinance so declaring is invalid. In the case at bar the council of the city of Richmond passed such an ordinance, but the charter of the city contains no general welfare clause, the power is not conferred expressly, and it is not covered by the provision of the charter giving the council the control and management of the fiscal and municipal affairs of the city, nor in any other way by implication.

3. CONSTITUTIONAL LAW—*City Ordinance—Violation—Motion to Quash Summons.*—The constitutionality of a city ordinance may be raised by a motion to quash a summons against one charged with its violation.

Error to a judgment of the Hustings Court of the city of Richmond declaring a city ordinance invalid. City of Richmond assigns error.

*Affirmed.*

The opinion states the case.

*H. R. Pollard,* for the city of Richmond.

*E. C. Folkes, Meredith & Cooke* and *Joseph C. Taylor,* for the defendants in error.

WHITTLE J., delivered the opinion of the Court.

The writ of error in these cases (which by consent were heard together) brings up for review a judgment of the Hustings Court of the city of Richmond declaring invalid an ordinance of that city making it unlawful "for any city official, employee or member of any municipal board, to serve as judge, registrar or clerk at any election, regular or primary, or as member of any standing committee of any political party." The punishment for violation of the ordinance is by fine and forfeiture of the office, a conviction operating "as a discharge from employment or office under the city government."

The defendants in error, Lynch and Duke (members respectively of the common council and board of police commissioners), were fined by a police justice of the city for violating that provision of the ordinance which forbids their acting as members *"of any standing committee of any political party";* from which judgment they appealed, with the result indicated.

With regard to the case of the defendant in error, Lynch: As a member of the common council he holds an elective office under the constitution of Virginia (Article VIII, section 121), and that instrument expressly declares what political positions shall be deemed incompatible with such office. (Article II, section 31.) Membership of a standing committee of a political party is not prohibited by the section referred to; and, the constitution having dealt with the subject, it is not within the competency of the city, by ordinance, to add other inhibitions to those therein enumerated.

The governing principle in such case is thus stated: "When the constitution defines the qualifications of an office it is not in the power of the Legislature to change or superadd to them, unless the power to do so is expressly, or by necessary implication, conferred by the Constitution itself." Cooley on Constitutional Limitations, 79. See also Throop on Public Offices, section 73; *Black* v. *Trower,* 79 Va. 123; *Louthan* v. *Com'th,* 79 Va. 196, 52 Am. Rep. 626; *Gallalee* v. *Calvert,* 1 Va. Dec. 561.

But there is still another reason why the provision' of ·the ordinance under consideration is invalid.

"It is," says Judge Dillon in his work on Municipal Corporations, "a general and undisputed proposition of law that *a municipal corporation possesses and can exercise the following powers,* and no others: First, those granted in *express words;* second, those *necessarily* or *fairly implied* in or *incident* to the powers expressly granted; third, those *essential* to the declared objects and purposes of the corporation, not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied." 1 Dillon on Mun. Corp. (4th Ed.), section 89.

This admirable exposition of the rule is fully sustained by authority, and is conclusive of the case. The charter of the city will be searched in vain for authority, either express or implied, to ingraft such a limitation on municipal offices. It contains no general welfare clause, in common acceptation of that term; and the restrictive language of section 19, invoked as warrant for the enactment, is wholly inadequate for that purpose.

The remaining assignment of· error that the validity of the ordinance cannot be drawn in question by motion to quash the summons is answered by the case of *Adkins* v. *City of Richmond,* 98 Va. 91, 34 S. E. 967, 47 L. R. A. 583, 81 Am. St. Rep. 705.

The judgment of the Hustings Court is plainly right, and must be affirmed.                              *Affirmed.*