PRESENT:  Carrico, C.J., Compton, Hassell, Keenan, Koontz, and Kinser, JJ., and Whiting, Senior Justice

MELVIN BRAY

                                          OPINION BY
v.  Record No. 982684        SENIOR JUSTICE HENRY H. WHITING
                                       November 5, 1999
CHRISTOPHER K. BROWN, ET AL.

            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    William G. Plummer, Judge Designate

     In this appeal, we consider the prohibition against

holding multiple public offices contained in the following

constitutional and statutory provisions:

Article VII, § 6 of the Constitution of Virginia:

     [N]o person shall at the same time hold more than one
     office mentioned in this Article.  No member of a governing
     body shall be eligible, during the term of office for which
     he was elected or appointed, to hold any office filled by
     the governing body by election or appointment. . . .

Code § 15.2-1534:

     A.  Pursuant to Article VII, Section 6 of the
     Constitution of Virginia, no person holding the office
     of treasurer, sheriff, attorney for the Commonwealth,
     clerk of the circuit court, commissioner of the
     revenue, supervisor, councilman, mayor, board
     chairman, or other member of the governing body of any
     locality shall hold more than one such office at the
     same time.

     B.  Subsection A shall not be construed to prohibit:

          . . . .

     3.  A deputy sheriff of a county from serving as
     appointed town sergeant of a town located in the
     county;.

          . . . .

6. The election of deputies of constitutional officers to school board membership, consistent with federal law and regulation.

In August 1998, there was a vacancy on the Town Council of Dumphries in Prince William County. The remaining members of the council were unable to agree upon an appointment to fill the vacancy. Accordingly, the judges of the Circuit Court of Prince William County appointed Melvin Bray, a Prince William County deputy sheriff, to fill the vacancy pursuant to the provisions of Code § 24.2-228. The following day, Bray, purporting to qualify as a council member, took the required oath of office.

Thereafter, Christopher K. Brown and Claude C. Thomas, Jr., the town's mayor and vice mayor, respectively, who are also members of the Town Council (plaintiffs), brought this declaratory judgment suit to determine whether Bray could simultaneously hold both offices under the above quoted constitutional and statutory provisions. The foregoing facts were stipulated, counsel for the parties argued the case, and the circuit court ruled that Bray could not hold both offices concurrently. Bray appeals.

The plaintiffs contend that Article VII, § 6 encompasses a deputy sheriff within its prohibition against a sheriff, as an elected constitutional official, holding

2

multiple offices.  They rely primarily upon the history of these provisions and the rules of construction of ambiguous language to support their contention.  Bray responds that the constitutional provision is unambiguous and that we should apply it as written.  We agree with Bray.

We find nothing in Article VII, § 6 which extends its proscription against multiple public office holding beyond the holders of the offices described or referred to therein.  As applied in this case, we think that the prohibition against holding multiple offices contained in Article VII, § 6 is clearly and unambiguously limited to persons who hold more than one of the various offices expressly mentioned in Article VII, §§ 4 and 5 of the Constitution of Virginia.  Article VII, § 4 thereof mentions "a sheriff" and Article VII, § 5 mentions "[members of] the governing body of each . . . town."

When the language of an enactment is plain and unambiguous, as in this case, we apply its plain meaning.  City of Winchester v. American Woodmark Corp., 250 Va. 451, 457, 464 S.E.2d 148, 152 (1995) (statute); Southern Ry. v. City of Richmond, 175 Va. 308, 312, 8 S.E.2d 271, 272 (1940) (Constitution).  Accordingly, we take the words as written and do not resort to the history of a particular enactment, extrinsic facts, or to general rules of construction of enactments that have a doubtful meaning.  Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985).

The plaintiffs implicitly recognize that none of the language in Article VII, § 6 expressly includes deputy sheriffs within its scope.  Nevertheless, they suggest that since prior cases have considered sheriffs and their deputies as "one person," we should apply the same concept here.  The plaintiffs rely upon Mosby v. Mosby, 50 Va. (9 Gratt.) 584, 604 (1853), and Whited v. Fields, 581 F. Supp. 1444, 1456 (W.D. Va. 1984).  These cases discuss the liability of a sheriff for the acts of his deputy, an entirely different issue than that involved here; we are considering whether the multiple office disqualification extends to the deputies of a constitutional officer.  Thus, we find no merit in this suggestion.

Next, plaintiffs argue that Bray is subject to the second sentence of the quoted provision of Article VII, § 6 which disqualifies a Town Council member from holding an office filled by the council either by election or appointment during the term of his service on the council.  We reject this argument because Bray was neither elected nor appointed as a deputy sheriff by the Dumphries Town Council.

Nor do we agree with plaintiffs' contention that the exceptions in Code § 15.2-1534 make it ambiguous and permit a consideration of its legislative history and an application of the rules of construction of ambiguous language.  Even if the statute supported this argument, the statute would not be valid

4

because the legislature cannot create a disqualification for public office that is not authorized in the constitutional provision relied upon to support the statute.  City of Richmond v. Lynch, 106 Va. 324, 325, 56 S.E. 139, 139 (1907).

Finally, we reject the plaintiffs' claim that the following constitutional provision authorizes their broad construction of Code § 15.2-1534:

> [N]othing in this Constitution shall limit the power of the General Assembly to prevent conflict of interests, dual officeholding, or other incompatible activities by elective or appointive officials of the Commonwealth or of any political subdivision.

Article II, § 5(c) Constitution of Virginia.

The difficulty with the plaintiffs' claim is that the legislature did not rely upon this section of the Constitution in adopting Code § 15.2-1534.  Instead, the legislature expressly stated that its enactment of Code § 15.2-1534 was "[p]ursuant to Article VII, § 6."  The term "'[p]ursuant to' means 'in the course of carrying out: in conformance to or agreement with: according to' and, when used in a statute, is a restrictive term."  Black's Law Dictionary 1237 (6th ed. 1990) (quoting Knowles v. Holly, 513 P.2d 18, 23 (Wash. 1973)); E.P. Paup Co. v. Director, 999 F.2d 1341, 1349 (9th Cir. 1993).  Thus, given the legislature's deliberate reference to Article VII, § 6, we cannot consider another provision of the

5

Constitution as additional authorization for the enactment of Code § 15.2-1534.

For these reasons, we will reverse the judgment of the trial court and enter final judgment here declaring that Bray is entitled to serve as a member of the Town Council even though he is a deputy sheriff in the same county.

Reversed and final judgment.