COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bray and Senior Judge Hodges
Argued at Alexandria, Virginia


CHARLES ALLEN MOFFETT, JR.
                                        OPINION BY
v.        Record No. 0210-96-4     JUDGE JERE M. H. WILLIS, JR.
                                         MARCH 25, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                 Carleton Penn, Judge Designate

            Roger A. Inger (Massie, Inger, Boyd & Iden,
            P.C., on brief), for appellant.

            (James S. Gilmore, III, Attorney General;
            Michael T. Judge, Assistant Attorney General,
            on brief), for appellee.



        Charles Allen Moffett, Jr. contends that he did not waive
his right to be tried by a twelve person jury voluntarily and
with full knowledge of his rights.  We find no error and affirm
the judgment of the trial court.

        On June 7, 1995, Moffett was arraigned on charges of
breaking and entering and grand larceny.  He pleaded not guilty
to each charge.  The trial court then entered into a colloquy
with Moffett, and the following discussion ensued:

            THE COURT:      Do you understand that you're
                            entitled to trial by jury?

            MR. MOFFETT:    Yes, sir.

            THE COURT:      You also understand that you
                            may waive trial by jury and be
                            tried by the judge without a
                            jury?  Did you discuss this
                            with your lawyer?

            MR. MOFFETT:    Yes, sir, I have.

THE COURT: Is it your decision that you want to be tried by the judge or tried by the jury?

MR. MOFFETT: By the jury, Your Honor.

After the jury was selected and the trial commenced, one of the jurors was notified of a family medical emergency. With Moffett and his counsel present, this juror was brought into the courtroom, and the trial court questioned her regarding the nature of the medical emergency. The Commonwealth's attorney and Moffett's attorney declined the trial court's offer to question the juror further.

The Commonwealth's attorney informed the trial court that if it was necessary to excuse the juror, the Commonwealth agreed to go forward with eleven jurors. After permitting Moffett and his counsel to confer, the trial court asked defense counsel and Moffett whether they wished to proceed with only eleven jurors. The following dialogue occurred:

THE COURT: Is that acceptable to your client, Mr. Field.

MR. FIELD: Yes, Your Honor. I discussed that with my client, and I'm not sure what the law is on this case, but if we can do it, we would prefer to go forward, and we are willing to go forward with only 11 jurors. I would just ask Mr. Moffett to state on the record that I've discussed that with him, and that's his desire so it is clear on the record that I'm not just speaking through my hat.

THE COURT: You understand, Mr. Moffett,

|  |  |  |
|---|---|---|
|  |  | that you're entitled to have 12 jurors -- |
| MR. MOFFETT: | | Yes, sir, I do. |
| THE COURT: | | -- under our law, but that you may waive and have a smaller jury if that's something that you wish to do. |
| MR. MOFFETT: | | That's fine, Your Honor.  I have no objection to that. |
| THE COURT: | | Is that what you want to do? |
| MR. MOFFETT: | | Yes, sir.  I'd like to go on with it. |
| THE COURT: | | All right.  The Court appreciates that.  Of course, from your standpoint, I'm sure you don't want to have to start all over again either. |
| MR. MOFFETT: | | This is very true. |
| THE COURT: | | So that is noted of record that the waiver was knowingly made.

You may bring in the other 11 jurors, and then inform [the juror] that she's excused for cause. |
| MR. FIELD: | | All right, Your Honor. |
| THE COURT: | | The Court noting that she was plainly distraught, and that probably it might affect her ability to think clearly. |
| MR. FIELD: | | Your Honor, it's my opinion it would affect her ability based on what I saw. |

The trial continued with eleven jurors, who returned their verdict finding Moffett guilty on both charges.  On December 12,

- 3 -

1995, Moffett moved to set aside the verdict, alleging that he lacked "full understanding of his rights, the law, and the consequences of such waiver" of a twelve member jury. By order entered January 18, 1996, the trial court denied this motion and sentenced Moffett.[1]

The right of an accused to a jury trial is found in the Constitution of the United States, Amendment VI, and in the Constitution of Virginia, Article I, Section 8.

Holding that a twelve member jury is not required to satisfy an accused's federal constitutional right to a jury trial, the United States Supreme Court has said that the essential feature of a jury, designed to prevent governmental oppression, lies:

> [I]n the interposition between the accused and his accuser of the commonsense judgment of a group of laymen, and in the community participation and shared responsibility that results from the group's determination of guilt or innocence. The performance of this role is not a function of the particular number of the body that makes up the jury. To be sure, the number should probably be large enough to promote group deliberation, free from outside attempts at intimidation, and to provide a fair possibility for obtaining a representative cross-section of the community. But we find little reason to think that these goals are in any meaningful sense less likely to be achieved when the jury numbers six, than when it numbers 12--

---

[1] The Commonwealth argues that Moffett waived his right to appeal his acceptance of an eleven member jury by failing to object timely. Though the motion to set aside the verdict was made six months after trial, it was made prior to final sentencing, and, thus, before final judgment. See Rule 1:1. The trial judge entertained Moffett's motion, and did not hold it to be untimely. Therefore, we do not address the timeliness of the motion.

- 4 -

                 particularly if the requirement of unanimity
                 is retained.  And, certainly the reliability
                 of the jury as a factfinder hardly seems
                 likely to be a function of its size.

Williams v. Florida, 399 U.S. 78, 100-01 (1970).  Thus, the

eleven member panel that tried Moffett comprised a jury

sufficient to satisfy the federal constitutional requirement.

     Article I, Section 8 of the Constitution of Virginia

provides, in pertinent part:
                 [i]f the accused plead not guilty, he may,
                 with his consent and the concurrence of the
                 attorney for the Commonwealth and of the
                 court entered of record, be tried by a
                 smaller number of jurors, or waive a jury.

(Emphasis added.)  See also Code § 19.2-262; Rule 3A:13.

     Because of the presumption against waiver of a

constitutional right, Sisk v. Commonwealth, 3 Va. App. 459, 462,

350 S.E.2d 676, 678 (1986), a trial court must determine that a

defendant's waiver of trial by jury is voluntary, knowing and

intelligent.  Rule 3A:13(b); Wright v. Commonwealth 4 Va. App.

303, 306, 357 S.E.2d 547, 549 (1987).  Furthermore, the

defendant's consent and the concurrence of the trial court and of

the attorney for the Commonwealth must be entered of record.

Rule 3A:13(b); McCormick v. City of Virginia Beach, 5 Va. App.

369, 373, 363 S.E.2d 124, 126 (1987).

     The Constitution of Virginia, Article I, Section 8,

expressly authorizes trial in a criminal proceeding by a jury of

fewer than twelve members.  However, because this involves the

- 5 -

waiver *pro* *tanto* by the accused of his right to trial by jury, his voluntary, knowing and intelligently given consent, concurred in by both the trial court and the Commonwealth's attorney, must be obtained and entered of record. Moffett's consent, and the concurrences of the Commonwealth's attorney and the trial court are plainly of record. Moffett concedes that he gave his consent voluntarily. The issue before us is whether he did so knowingly and intelligently. We hold that he did.

The trial court advised Moffett fully of his right to a jury of twelve. Moffett acknowledged that he understood that right, and stated plainly that he wished to proceed with trial before the remaining panel of eleven. Moffett acknowledged that this decision was based on his desire to go forward with his trial and not to be put to the necessity of starting trial again. Moffett argues that the trial court did not advise him of all the possible consequences that might have resulted from the smaller panel. He suggests that a panel of twelve might have been harder to convince unanimously of his guilt than a panel of eleven. These considerations raise issues of supposition, not of law. The record discloses unquestionably that the trial court properly and thoroughly advised Moffett of his rights with respect to the size of the jury panel and of his right, by waiver, to accept a smaller panel. Moffett's decision to waive the full panel composition and to accept a smaller panel, made after consultation with his attorney, was voluntary, knowing and

intelligent.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>