JUSTICE HASSELL
delivered the opinion of the Court.
In this appeal, we consider whether a defendant waived his double jeopardy protections afforded by the Fifth Amendment to the United States Constitution.
*300 I.
Darrell Washington was indicted by a grand jury in Arlington County for robbery in violation of Code § 18.2-58 and use of a firearm during the commission of a robbery in violation of Code § 18.2-53.1. His trial commenced in the Circuit Court of Arlington County on December 15, 1999. The jury panel consisted of 20 persons. One juror, identified as Juror No. 5, informed the court that he was excused from jury service for the next day. Four other jurors also informed the court that they had been excused from jury service for the following day. The court, however, permitted each of these jurors to remain seated as members of the panel.
Before counsel began to conduct their voir dire, the circuit court asked the jurors how many were excused for the next day and directed defendant’s counsel and the Commonwealth’s Attorney to observe the members of the panel who raised their hands. After voir dire had been conducted, and before counsel began to exercise their peremptory strikes, the court asked members of the panel to raise their hands if they were excused from jury service the next day.
Defendant’s counsel approached the bench and informed the court that she was not going to exercise her peremptory strikes based upon the availability of members of the jury panel. The court responded that she was not required to do so and that it would seek to seat a jury and alternates. Defendant’s counsel and the Commonwealth’s Attorney exercised their peremptory strikes. After the oath had been administered to the jury, the court directed the jurors who were excused the following day to raise their hands, and one juror did so. The court suggested seating an alternate.
There were only two potential veniremen available to serve as an alternate who were not among the original 20 individuals selected as members of the jury panel. The circuit court suggested that it would use the two members of the venire who were not called among the original 20 panel members, and the court decided to add two of the jurors who had been stricken by defendant’s counsel and the Commonwealth’s Attorney. Defendant’s counsel and the Commonwealth’s Attorney objected to this procedure.
Next, the following colloquy occurred among the court, the Commonwealth’s Attorney, and defendant’s counsel:
“[DEFENDANT’S COUNSEL]: But, Your Honor, under normal circumstances, an alternate would not know that [he *301 was an alternate], ... I would object to that system being used.
“THE COURT: Commonwealth.
“[COMMONWEALTH’S ATTORNEY]: Again, I have the same position because now I’m basically out of a strike, and [defendant’s counsel] is left with the potential of picking who is going to be the alternate.
“THE COURT: [Code § ] 8.01-360 says, In no event shall alternates be told they are alternates.
“[COMMONWEALTH’S ATTORNEY]: I have —
“THE COURT: You are both objecting?
“[COMMONWEALTH’S ATTORNEY]: Well, I’m objecting not so much because the other person is going to know they are an alternate, but because I don’t have a decision in who gets to be the alternate.
“THE COURT: That’s a mistrial.
“[DEFENDANT’S COUNSEL]: Your Honor, and I’m going to say this —
“THE COURT: Now you are going to have jeopardy.
“[DEFENDANT’S COUNSEL]: We have jeopardy, but the Court —
“THE COURT: The Commonwealth won’t agree to the cure.
“[COMMONWEALTH’S ATTORNEY]: There wasn’t a jury sworn.
“THE COURT: No, sir.
“[DEFENDANT’S COUNSEL]: The jurors were sworn.
“THE COURT: I tried to get this case tried and tried to get it done, but we are going to fight over this. And you want your statutory right. You want your statutory right.
“We do not have sufficient jurors to have a replacement for the juror sworn.
“That’s a mistrial.
“[DEFENDANT’S COUNSEL]: Thank you, Your Honor.
“[COMMONWEALTH’S ATTORNEY]: I’m going to ask, Your Honor — could we place it on the docket for another day?
*302 “THE COURT: Well, of course that’s what we are going to do.
“[DEFENDANT’S COUNSEL]: Well, I think there’s really an argument about —
“THE COURT: Now [defendant’s counsel is] going to claim that jeopardy attaches.
“[DEFENDANT’S COUNSEL]: Well, it did attach because the jurors were sworn.
“We will get the transcript —
“THE COURT: Now [defendant’s counsel] is going to move to dismiss on double jeopardy grounds.
“You’re objecting to my attempted cure to get a jury in the box, and you have a right to do that, and you have statutory authority for it.
“[DEFENDANT’S COUNSEL]: And we can set a date.”
At a subsequent trial, the defendant made a motion to dismiss the indictments on the basis that he was placed in jeopardy twice in violation of the Fifth Amendment to the Constitution of the United States. The circuit court, with a different judge presiding, denied the motion, and the case proceeded to trial. The jury convicted the defendant of both charges and fixed his punishment at five years in the penitentiary on the robbery charge and three years in the penitentiary on the use of a firearm charge. The circuit court confirmed the judgment of the jury, and the defendant appealed to the Court of Appeals.
The Court of Appeals held that the Double Jeopardy Clause of the Constitution of the United States barred the defendant’s second trial, and the Court entered a judgment that reversed the judgment of the circuit court and dismissed the defendant’s convictions. Washington v. Commonwealth, 35 Va. App. 202, 220, 543 S.E.2d 638, 646 (2001). The Commonwealth appeals.
H.
The Fifth Amendment to the Constitution of the United States provides that no person shall “be subject for the same offense to be twice put in jeopardy of life or limb.” Explaining this constitutional provision, which is referred to as the Double Jeopardy Clause, the United States Supreme Court has stated:
*303 “The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.”
Green v. United States, 355 U.S. 184, 187-88 (1957); accord Monge v. California, 524 U.S. 721, 732 (1998); Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 869-70 (1994); Abney v. United States, 431 U.S. 651, 661-62 (1977); Allen v. Commonwealth, 252 Va. 105, 108-09, 472 S.E.2d 277, 279 (1996).
The Double Jeopardy Clause also grants a defendant the. right to have his trial completed by a particular tribunal, Wade v. Hunter, 336 U.S. 684, 689, reh’g denied, 337 U.S. 921 (1949), which means “the right ... to have his trial completed before the first jury empaneled to try him.” Oregon v. Kennedy, 456 U.S. 667, 673 (1982); accord Allen, 252 Va. at 109, 472 S.E.2d at 279.
Even though jeopardy attaches once the jury has been sworn, a defendant’s double jeopardy protection can be waived. For example, we have stated that “[a] person on trial for a capital or lesser offense may waive his right to plead former jeopardy. This waiver may be expressed or implied.” Mack v. Commonwealth, 177 Va. 921, 930, 15 S.E.2d 62, 65 (1941). Indeed, other courts have recognized that a defendant’s double jeopardy protection is not an absolute bar to reprosecution once a jury has been empaneled and sworn and that the right guaranteed by the Double Jeopardy Clause may be waived by consent. United States v. Nichols, 977 F.2d 972, 974 (5th Cir. 1992), cert. denied, 510 U.S. 833 (1993); United States v. DiPietro, 936 F.2d 6, 9-12 (1st Cir. 1991); United States v. Bauman, 887 F.2d 546, 549 (5th Cir. 1989), cert. denied sub nom. Talamas v. United States, 493 U.S. 1077 (1990); United States v. Miller, 742 F.2d 1279, 1284 (11th Cir. 1984), cert. denied, 469 U.S. 1216 (1985); Raslich v. Bannan, 273 F.2d 420, 420-21 (6th Cir. 1959).
The various United States Courts of Appeals have held that a defendant’s consent to a mistrial is implied when a defendant had an opportunity to object to a mistrial but failed to do so. United States v. Buljubasic, 808 F.2d 1260, 1265-66 (7th Cir.), cert. denied, 484 U.S. 815 (1987); United States v. Puleo, 817 F.2d 702, 705 (11th Cir.), *304 cert. denied, 484 U.S. 978 (1987); United States v. Goldstein, 479 F.2d 1061, 1067 (2d Cir.), cert. denied, 414 U.S. 873 (1973). And, in Peretz v. United States, 501 U.S. 923, 936 (1991), the Supreme Court cited with approval the legal principle articulated in United States v. Bascaro, 742 F.2d 1335, 1365 (11th Cir. 1984), cert. denied sub nom. Hobson v. United States, 472 U.S. 1017, and cert. denied sub nom. Waldrop v. United States, 472 U.S. 1021 (1985), that the absence of an objection by a defendant constitutes a waiver of the defendant’s double jeopardy protection.
We have repeatedly and consistently held that a litigant must object to a ruling of the circuit court if that litigant desires to challenge the ruling upon appeal. Remington v. Commonwealth, 262 Va. 333, 356, 551 S.E.2d 620, 634 (2001) (defendant could not challenge a verdict form on appeal because he failed to make an objection to that form in the circuit court); Schmitt v. Commonwealth, 262 Va. 127, 138, 547 S.E.2d 186, 194 (2001), cert. denied, _U.S. _, 122 S.Ct. 840 (2002) (defendant could not challenge on appeal the admissibility of evidence because he failed to object to that evidence in the circuit court and, therefore, his objection was waived); Lenz v. Commonwealth, 261 Va. 451, 467, 544 S.E.2d 299, 308, cert. denied, _U.S._, 122 S.Ct. 481 (2001) (defendant could not challenge jury instruction on appeal because he did not object in the circuit court); Overton v. Commonwealth, 260 Va. 599, 603-04, 539 S.E.2d 421, 423 (2000), cert. dismissed, 532 U.S. 968 (2001) (defendant could not challenge the admissibility of photographs that had been admitted in the circuit court because he failed to make an objection); Vinson v. Commonwealth, 258 Va. 459, 466, 522 S.E.2d 170, 175 (1999), cert. denied, 530 U.S. 1218 (2000) (defendant could not challenge the admissibility of certain expert testimony because he failed to raise an objection in the circuit court); Cherrix v. Commonwealth, 257 Va. 292, 310, 513 S.E.2d 642, 654, cert. denied, 528 U.S. 873 (1999) (defendant could not challenge the circuit court’s failure to advise the jury of his eligibility, or lack thereof, for parole because he failed to object in the circuit court and his failure to object constituted a waiver); Barnabei v. Commonwealth, 252 Va. 161, 177, 477 S.E.2d 270, 279 (1996), cert. denied, 520 U.S. 1224 (1997) (defendant could not challenge jury instructions on appeal because he failed to object in the circuit court when the instructions were given).
We hold that based upon the record before this Court, the defendant implicitly consented to the circuit court’s declaration of a mistrial. Having consented to the mistrial, the defendant waived his *305 double jeopardy rights. We note that during oral argument of this appeal, defendant’s counsel conceded that she could point to no part of the record of the defendant’s first trial to show that she had made an express objection to the circuit court’s declaration of a mistrial.
In this case, the defendant does not contend that he was deprived of an opportunity to make a meaningful objection to the circuit court’s declaration of a mistrial. Indeed, after the circuit court declared the mistrial, defendant’s counsel and the Commonwealth’s Attorney continued a dialogue with the circuit court, and the defendant made no objection.
We observe that our holding is consistent with our decision in Allen v. Commonwealth, 252 Va. 105, 472 S.E.2d 277 (1996). In Allen, a jury convicted a defendant of breaking and entering in violation of Code § 18.2-91 and grand larceny in violation of Code § 18.2-95. The circuit court dismissed the jury and continued the case for sentencing. The following day,, the Commonwealth’s Attorney moved for a mistrial on the basis that one of the jurors was a non-resident of the county where the case was tried. The circuit court stated in a letter opinion that “the defendant concurred that there was an improper jury but requested that the case be dismissed on the basis that jeopardy had already attached and the case could not be retried.” The circuit court overruled the defendant’s objection to a new trial, sustained the Commonwealth’s motion for a mistrial, and ordered the case continued to the next criminal docket call. 252 Va. at 107, 472 S.E.2d at 278.
The defendant’s second trial concluded in a hung jury and a second declaration of mistrial. The circuit court ruled that “the defendant has not waived his right to object to a [third] trial . . . based on the [D]ouble [J]eopardy [C]lause [but that] a [third] trial . . . will not amount to double jeopardy.” At a third trial, a police officer testified that the defendant had refused to make a statement to the police. Invoking the Fifth Amendment guarantee against self-incrimination, the defendant moved for a mistrial, which was granted. At a fourth trial, the defendant was convicted on both charges. Id.
We held that the defendant in Allen did not consent to the prosecutor’s motion for a mistrial in the first trial. We stated:
“As we read the record, [the defendant] never consented to the prosecutor’s motion for mistrial. [The Commonwealth’s] motion [to dismiss] had multiple objectives, viz., vacation of the penalty verdict rendered by a jury mistakenly believed to *306 be unqualified, the assembly of a new jury, and a new trial by that jury. [The defendant], laboring under the same misconception, ‘concurred that there was an improper jury’. Nowhere does the record before us show that [the defendant] ever agreed that ‘the verdicts were invalid’; or that the judge should ‘set aside the jury verdicts’; or that there should be a new trial by a new jury. Rather, as the [circuit court’s] letter opinion indicates, [the defendant] merely ‘requested that the case be dismissed on the basis that jeopardy had already attached and the case could not be retried.’ ”
Id. at 111, 472 S.E.2d 280. The circuit court ruled that the defendant in Allen had “preserved the objection to a [second] trial ... by noting his objection on the record” and that “the defendant has not waived his right to object to a [third] trial . . . based upon the [D]ouble [Jjeopardy [C]lause.” Id.
Unlike the defendant in Allen, the defendant in this case tacitly consented to the mistrial. For example, defendant’s counsel in this case did not object to a new trial once the circuit court had declared a mistrial. Indeed, defendant’s counsel in this case actually requested that the court set a date for a new trial and she participated, without objection, in the selection of the new trial date. Moreover, the record in this case clearly shows that during the first trial, defendant’s counsel made clear and unequivocal objections to rulings of the circuit court that were adverse to her position. When she desired to object, she made specific objections. And, as we have already stated, she made no such objection to the court’s declaration of a mistrial.
Accordingly, we will reverse the judgment of the Court of Appeals, and we will enter a final judgment reinstating the defendant’s convictions.

Reversed and final judgment.