COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Coleman
Argued at Salem, Virginia


ROBERT DANIEL KING, A/K/A DAN KING, A/K/A
 DANIEL ZANONE, A/K/A DANIEL R. KING, A/K/A
 DAN KONSKI, A/K/A DANIEL QUEEN            OPINION BY
                                          JUDGE LARRY G. ELDER
v.   Record No. 1313-02-3                 APRIL 29, 2003

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                    Jonathan M. Apgar, Judge

            Christopher K. Kowalczuk for appellant.

            Michael T. Judge, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     Robert Daniel King (appellant) appeals from his

convictions, entered upon conditional guilty pleas, for two

counts of embezzlement and two counts of grand larceny.  On

appeal, he contends the trial court erroneously declared a

mistrial when one of the twelve jurors impaneled became too ill

to serve.  He contends no manifest necessity existed for a

mistrial because he agreed to waive his right to have twelve

jurors hear the case, even though the Commonwealth objected to

proceeding with only eleven jurors.  We hold the Commonwealth

had a co-equal right to have twelve jurors hear the case.

Further, under the facts of this case, in the absence of the

Commonwealth's consent to proceed with fewer than twelve jurors, manifest necessity supported the trial court's declaration of a mistrial.  Thus, we affirm appellant's convictions.

## I.

### BACKGROUND

Appellant was indicted for two counts of embezzlement and two counts of grand larceny.[1]  Appellant entered pleas of not guilty and requested trial by jury.  On February 19, 2002, the court impaneled a jury of twelve.  Neither party requested that alternates be selected, and the court made no mention of this possibility.  After counsel delivered their opening statements, the court recessed for lunch.

Upon reconvening after lunch, the court indicated one of the jurors had fallen ill during the lunch break and did not believe he "[was] in a position to be able to fully pay attention and listen to the evidence."  The court noted appellant indicated he was willing to proceed with eleven jurors but that the Commonwealth was not willing.  With agreement of the parties, the trial court opted to "tak[e] an adjournment" until the following morning, the second day scheduled for trial, to determine whether the ill juror would be able to return at that time.

---

[1] Appellant also was indicted for obtaining goods by false pretenses, but that charge was disposed of by nolle prosequi prior to trial.

On the second day of trial, the court noted the juror remained too ill to return.  Appellant remained willing to proceed with eleven jurors.  The Commonwealth, however, "[felt] that it would be best served by having twelve Jurors" and indicated it "[did] not waive the absence of the one Juror." Appellant objected to the court's statement that, in the absence of the Commonwealth's consent, a mistrial "would be [the court's] only remedy."  Appellant said "it [was] [his] understanding the Commonwealth did not want a trial by jury" and that since appellant requested a jury and jeopardy had attached, "I don't know that the Commonwealth has a right at this point to take [appellant's] jury away from him."  The trial court observed, "Well, of course, once [appellant] exercised his right to have the community hear the case, I really don't make any further inquiry to the Commonwealth as to what their wishes were . . . because [appellant] has spoken . . . ."

The court then asked appellant whether proceeding with fewer than the required number of jurors required the Commonwealth's concurrence, and the following exchange took place:

> [APPELLANT'S COUNSEL]:  Yes, Judge. . . .  Article One, Section Eight of the . . . Virginia Constitution is clear that upon his . . . plea of not guilty, [appellant] may demand trial by Jury or waive the right to a Jury, or waive the right to be tried by twelve, and then the language says with the concurrence of the Commonwealth and the Court.  So it is clear

that the black letter law says that the court and the Commonwealth have to concur before . . .

[THE COURT]: That the Commonwealth has standing to take the position they are taking.

[APPELLANT'S COUNSEL]: Correct, with regard to twelve or fewer jurors, but I would say that even given that very clear language, we are in a slightly different universe, which would allow us to make our objection, and we have done so, and if the Court overrules that objection, we would ask the Court to respectfully note our exception thereto.

Appellant then agreed with the court's statement that the Commonwealth acted in good faith when it objected to proceeding with fewer than twelve jurors. Appellant also observed, "The Commonwealth certainly has a right to exercise her rights to prosecute, and . . . this is not anything other than the Commonwealth exercising her rights."

Appellant did not ask the court to continue the case rather than declare a mistrial. He objected to the mistrial declaration only on the ground that the court should have allowed trial to proceed with eleven jurors and did not argue the court should have continued the case again to see if the sick juror recovered in a timely fashion.

The court said it "[did not] have any other recourse but to declare a mistrial." The court's order indicated it declared a mistrial because "the concurrence of the Commonwealth [was] required by Article I, §8 of the Virginia Constitution, . . . as

- 4 -

the number of jurors required by §19.2-262 could not be present at any time during which this trial was scheduled."

On March 1, 2002, appellant filed a motion to dismiss the indictments as violative of double jeopardy principles. In that motion and subsequent argument, appellant represented the Commonwealth had indicated at docket call in September 2001 "that she waived her right to demand trial by jury" and that in chambers before trial on February 19, 2002, the Commonwealth "reaffirmed her willingness to have the Court hear this case without benefit of a jury." Appellant argued that once he elected to be tried by a jury and the jury was impaneled, the Commonwealth lost the right to veto appellant's decision to be tried by a jury of fewer than twelve members. Thus, he concluded, the trial court's declaration of a mistrial was without manifest necessity and his retrial would violate double jeopardy principles.

The Commonwealth averred that it "never waived its [right to] trial by Jury" "on the record." The court concluded the Commonwealth's statement was accurate because, when appellant said he wanted a jury, "[the court] didn't go any farther than that" and "on the Record . . . never inquired of the Commonwealth."

The court then denied appellant's motion to dismiss, ruling as follows:

In the absence of any authority to the contrary, I am not in a position to rule and interpret the Constitution to say that the Commonwealth's concurrence disappears at some point under factually important settings, because the language of the Constitution would then say, "and with the concurrence of the Commonwealth unless A, B, or C has happened, you can proceed with less."

So . . . my interpretation is the . . . Commonwealth's concurrence was required at any time during this trial.

In terms of manifest necessity, we only had eleven. There was no reasonable expectation of ever getting [the sick juror] back, because we didn't have any information that he was improving. The logistics of trying to look later in the week . . . [were] to me, I think, a daunting proposition . . . to the extent that I really didn't explore that, and was not requested by either Counsel to explore that. . . .

So without twelve, and giving the Commonwealth the concurrence that they were I believe given by the Virginia Constitution, . . . [a]nd being in an untenable position where I felt that it was impossible to go forward, I found manifest necessity . . . .

Appellant subsequently entered into a conditional plea agreement that preserved his right to appeal the instant mistrial issue. Appellant was convicted pursuant to the plea agreement and noted this appeal.

PROCEDURAL BAR

The Commonwealth contends appellant waived his right to object to the declaration of a mistrial because, as the Commonwealth argues on brief, appellant "conceded that if the trial were to continue with [fewer] than twelve jurors, the 'black letter law,' Article I, Section 8 of the Virginia Constitution, required the concurrence of both the court and the Commonwealth."  The Supreme Court has made clear that a defendant may "waive[] his double jeopardy rights" by failing to make "an express objection to the circuit court's declaration of a mistrial."  Commonwealth v. Washington, 263 Va. 298, 304-05, 559 S.E.2d 636, 639 (2002).  However, we disagree with the Commonwealth's construction of appellant's argument to the trial court regarding "the black letter law" and hold the argument was sufficient to preserve for appeal appellant's claim that retrial following the court's declaration of a mistrial based on the Commonwealth's refusal to proceed with eleven jurors violated double jeopardy principles.

When the sick juror remained too ill to appear on the second day scheduled for trial and the Commonwealth refused to proceed with eleven jurors, the trial court commented that "[declaring a mistrial] would be [the court's] only remedy."  Appellant responded, "[W]e object to a mistrial on the following

grounds."[2] He then argued that "the Commonwealth did not want trial by Jury," "this is a Defendant's Jury," and "I don't know that the Commonwealth has a right at this point to take the Defendant's Jury away from him" by refusing to proceed with eleven jurors. (Emphasis added). Appellant's counsel conceded "the black letter law says that the Court and the Commonwealth have to concur" but was unable to complete his sentence because the trial court interrupted him. Counsel then said, "[E]ven given that very clear language, we are in a slightly different universe, which would allow us to make our objection." We hold that this statement, in the context of the entire argument appellant made before the trial court granted the mistrial, was sufficient under Rule 5A:18 to preserve this issue for appeal.[3]

---

[2] In Washington, by contrast, the Court noted defense counsel's "conce[ssion] that she could point to no part of the record of the defendant's first trial to show that she had made an express objection to the . . . declaration of a mistrial" and her request for the setting of a new trial date. 263 Va. at 305-06, 559 S.E.2d at 639-40.

[3] Appellant conceded in the trial court that the court was not "hasty" in granting the mistrial without attempting to reset the matter for trial with the same jury on a later date after the ill juror had had a chance to recuperate. The trial court also noted that neither counsel asked the court to attempt to reset the case for another date with the same jury before the court declared a mistrial. Finally, appellant did not raise this issue in his petition for appeal or brief. Thus, we do not consider whether the court's failure to take such steps might have prevented a finding of manifest necessity to declare a mistrial. See Rules 5A:12(c), 5A:18.

III.

JURY SIZE AND MANIFEST NECESSITY FOR MISTRIAL

"[I]n criminal prosecutions . . . [the accused] shall enjoy the right to a speedy and public trial, by an impartial jury of his vicinage . . . ." Va. Const. art. 1, § 8. "Twelve persons from a panel of twenty shall constitute a jury in a felony case." Code § 19.2-262(B). "If the accused plead not guilty, he may, with his consent and the concurrence of the attorney for the Commonwealth and of the court entered of record, be tried by a smaller number of jurors, or waive a jury." Va. Const. art. 1, § 8.

After the jury is sworn, "the court may discharge the jury when it appears that they cannot agree on a verdict or that there is manifest necessity for such discharge." Code § 8.01-361. In evaluating whether manifest necessity exists to discharge an empanelled jury, a trial court is vested with broad discretion to determine whether "'[declaring a mistrial] was necessary to prevent great injustice either to the Commonwealth or to the defendant.'" Brandon v. Commonwealth, 22 Va. App. 82, 90-91, 467 S.E.2d 859, 862-63 (1996) (quoting Mack v. Commonwealth, 177 Va. 921, 931, 15 S.E.2d 62, 66 (1941)) (emphasis added).

When manifest necessity compels a mistrial, retrial does not violate double jeopardy principles. Arizona v. Washington, 434 U.S. 497, 505, 98 S. Ct. 824, 830, 54 L. Ed. 2d 717 (1978).

- 9 -

However, absent a finding of manifest necessity, the constitutional prohibition against double jeopardy entitles a defendant to the "valued right to have his trial completed before a particular tribunal," Wade v. Hunter, 336 U.S. 684, 689, 69 S. Ct. 834, 837, 93 L. Ed. 2d 974 (1949), that is, "the right . . . to have his trial completed before the first jury empanelled to try him," Oregon v. Kennedy, 456 U.S. 667, 673, 102 S. Ct. 2083, 2088, 72 L. Ed. 2d 416 (1982). See also Washington, 263 Va. at 302-03, 559 S.E.2d at 638.

Appellant argues the trial court erroneously concluded, under Article 1, section 8, of the Virginia Constitution, that the Commonwealth's concurrence was required in order for trial to continue when one of the twelve jurors already sworn became ill and was unable to serve. This provision, appellant contends, applies only at the beginning of trial before jeopardy has attached. Contrary to appellant's contention, we hold the constitutional provision at issue contains no such limitation.

"When the language of an enactment is plain and unambiguous, as in this case, we apply its plain meaning." Bray v. Brown, 258 Va. 618, 621, 521 S.E.2d 526, 527 (1999). The provision at issue, quoted above, plainly states that, "[i]f the accused pleads not guilty, he may, with his consent and the concurrence of the attorney for the Commonwealth and of the court entered of record, be tried by a smaller number of jurors, or waive a jury." Va. Const. art. 1, § 8. It contains no

- 10 -

limitation on the time frame during which the consent of the Commonwealth and the court is required to proceed with fewer than twelve jurors.

Although an accused has no constitutional right to a bench trial, see, e.g., O'Dell v. Commonwealth, 234 Va. 672, 689, 364 S.E.2d 491, 501 (1988), the accused does have a constitutional right to a jury trial, and the Virginia Constitution gives the Commonwealth "an equal voice" in determining whether the case will be heard by a jury, see id. Thus, if the accused does not demand trial by jury, the Commonwealth nevertheless may choose a jury trial. See id. Similarly, therefore, if an accused charged with a felony consents to be tried by a smaller number of jurors than the twelve specified by Constitution and statute, the Commonwealth retains the authority to demand a jury of twelve. Nothing in the language of Article 1, section 8, of the Virginia Constitution or the case law interpreting it indicates that the requirement for the Commonwealth's concurrence is limited to the time before trial has commenced or jeopardy has attached. See Moffett v. Commonwealth, 24 Va. App. 387, 392-93, 482 S.E.2d 846, 849 (1997) (noting in dicta that decision of accused, who had elected to be tried by jury, to proceed with fewer than twelve jurors when one juror was dismissed for cause after jeopardy had attached required concurrence of Commonwealth's attorney and court). Thus, we hold that the accused's willingness to proceed with a jury of fewer than

twelve members is subject to the Commonwealth's co-equal right to a jury trial, even where jeopardy has already attached.

As the trial court noted, if the drafters of the Constitution had intended that the provisions of Article 1, Section 8--requiring the Commonwealth's consent for trial by fewer than twelve jurors--apply only to the period before jeopardy has attached, it could have said so.  See, e.g., State v. Madison, 560 P.2d 405, 408 (Ariz. 1977) (noting that, under applicable Arizona statute, "the parties with the consent of the court in a criminal case, may waive trial by jury, or at any time before a verdict is returned consent to try the case with or receive a verdict concurred in by a lesser number of jurors than that specified [elsewhere in the statute]" (emphasis added) (quoting Ariz. Rev. Stat. § 21-102(E)).  As this case amply demonstrates, situations in which the number of jurors able to continue with a felony trial drops below twelve may arise after trial has begun, and based on the plain language of Article 1, section 8, we must assume the drafters contemplated its application to such an event.

Appellant also challenges what he terms the court's "per se finding of manifest necessity" based on the Commonwealth's refusal to continue the trial with the remaining eleven jurors. He argues that any right the Commonwealth had under the facts of this case to trial by a jury of twelve members rather than trial by a jury of eleven is subordinate to the right of an accused

not to be placed in jeopardy twice for the same offense.  We disagree.

The right to trial by jury is "a sacred right [that] should be sedulously guarded," Buntin v. City of Danville, 93 Va. 200, 212, 24 S.E. 830, 833 (1896), quoted with approval in Supiner v. Stakes, 255 Va. 198, 203, 495 S.E.2d 813, 815 (1998), and "'[t]rial by jury,' in the primary and usual sense of the term at the common law and in the American constitutions, is . . . a trial by a jury of twelve . . . ."  Capital Traction Co. v. Hof, 174 U.S. 1, 13, 19 S. Ct. 580, 585, 43 L. Ed. 2d 873, 877-78 (1899).  For example, "[i]t is well established that 'trial by jury' contemplated by [the United States Constitution's] Article III, Section 2, and the Sixth Amendment is a trial by a jury of twelve persons, neither more nor less."  United States v. Virginia Erection Corp., 335 F.2d 868, 870 (4th Cir. 1964) (emphasis added).  Because the right to trial by jury is a "sacred right" and, as stated above, the Commonwealth's right to demand trial by jury is "co-equal" to that of the accused, see O'Dell, 234 Va. at 689, 364 S.E.2d at 501, we hold that when the Commonwealth asserts its right to trial by a jury of twelve after jeopardy has attached and at a time when fewer than twelve jurors remain available to continue with the trial,[4] manifest

---

[4] As discussed in footnote 2, supra, appellant waived the right to object to the mistrial on the ground that the trial court failed to consider other options such as continuing the case for a reasonable amount of time to attempt to allow the ill

- 13 -

necessity for the declaration of a mistrial exists, see Brandon, 22 Va. App. at 91, 467 S.E.2d at 863 (holding manifest necessity exists where "'[declaring a mistrial] was necessary to prevent great injustice either to the Commonwealth or to the defendant'" (quoting Mack, 177 Va. at 931, 15 S.E.2d at 66) (emphasis added)), at least where the Commonwealth acts in good faith.[5]

Thus, under the facts of this case, a second trial for the same offenses did not violate double jeopardy principles. See Johnson v. United States, 619 A.2d 1183, 1186-87 (D.C. Ct. App. 1993) (under facts similar to those in appellant's case, rejecting argument that "the government violated 'fundamental fairness' by refusing to agree to a jury of less than twelve," without directly addressing argument that such a holding elevates government's right to jury of twelve over accused's right not to be placed in jeopardy twice for the same offense);

---

juror to recover. Our holding presumes that fewer than twelve jurors (or a sufficient number of alternates, if any) are available and that fewer than twelve are expected to be available within a reasonable time during which the trial might be continued. Thus, we do not address the merits of that issue in this opinion.

[5] Where a defendant moves for a mistrial based on prosecutorial misconduct and the court finds the conduct was "intended to 'goad' the defendant into moving for a mistrial," the defendant may successfully plead double jeopardy as a bar to a second trial. See Kennedy, 456 U.S. at 676, 102 S. Ct. at 2089. We need not decide whether the Commonwealth's withholding of its consent to proceed with fewer than twelve jurors also must be made in good faith in order to avoid a subsequent invocation of the double jeopardy bar. Here, the trial court found the Commonwealth acted in good faith, and appellant agreed with that finding.

- 14 -

cf. Pope v. Commonwealth, 234 Va. 114, 122, 360 S.E.2d 352, 358 (1987) (stating, without specifically addressing impact on double jeopardy after trial has commenced, that the "requirement of consent by the Commonwealth and by the court [before an accused may waive his right to trial by jury under Code § 19.2-257] does not violate any constitutional right of the defendant").

For these reasons, we hold the trial court's denial of appellant's motion to dismiss was not error, and we affirm.

Affirmed.