COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Humphreys and Clements
Argued at Alexandria, Virginia


DAVID YARBOROUGH

v.        Record No. 0352-03-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
CHIEF JUDGE JOHANNA L. FITZPATRICK
MARCH 2, 2004


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Paul F. Sheridan, Judge

Matthew T. Foley for appellant.

Virginia B. Theisen, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


David Yarborough (appellant) was convicted in a jury trial of aggravated sexual battery, in violation of Code § 18.2-67.3.  Appellant contends the trial court erred in preliminarily instructing the jury before the close of the Commonwealth's case that the victim's prior inconsistent statements could not be used as extrinsic evidence.  We affirm the trial court and remand for the correction of a clerical error.

I.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence established that the sexual battery occurred sometime in December 1997. At that time, the victim, A.W., her mother, her mother's boyfriend and appellant shared a one-bedroom apartment in Arlington County. A.W.'s mother and her mother's boyfriend were asleep in the bedroom, and A.W. and appellant were in the living room watching television. A.W. said appellant called her over to the couch, licked her ear and grabbed her. He took off his clothes and her clothes, rubbed her and touched her genitals. A.W. testified she told appellant to stop and tried to get up, but appellant was too strong. She finally stopped appellant by kicking him.

A.W. was seven years old at the time of the battery and ten years old at the time of the trial in February 2001. She testified at the preliminary hearing and trial. Appellant's counsel did not have a court reporter present at the preliminary hearing; however, he made an audiotape that he later used as the basis for his cross-examination of A.W. As he questioned A.W., he drew her attention to her prior answers at the preliminary hearing and asked if she remembered making them. She denied some of her answers and stated she did not remember others.

At the lunch break, a juror sent a note to the trial judge. The note said, "Judge, [s]hould I take the information read from the first hearing as fact? The defendant's lawyer is reading this *court document* but I'm not sure if this is a deposition, evidence, or an exhibit." (Emphasis in the original). The following colloquy then occurred outside the presence of the jury in response to the juror's question:

> [Appellant's Counsel]: Judge, there is an instruction that deals
> with prior inconsistent statements of witnesses. You might just
> want to tell them that will be dealt with in the instructions from the
> Court. And I did include that instruction in my group.
>
> [Judge]: Interesting procedural point. She didn't acknowledge
> saying those things. She denied saying them. Are they in
> evidence?

[Appellant's Counsel]:  They are in evidence through my statement of the - - went through a preliminary hearing.

[Judge]:  How can that be?

[Appellant's Counsel]:  Well, Judge, I am assuming that if the representations were not as made by me, in the preliminary hearing, the Commonwealth attorney would have objected.

[Judge]:  [Appellant's Counsel], you and I are talking about two different things.

[Appellant's Counsel]:  Oh, I'm sorry, Judge.

[Judge]:  When you ask a question did you say on a previous occasion A, B and C and the witness says no, you are supposed to be able to prove they did.  How have you proven that she did?  There is no evidence that she said what is in that transcript.

[Appellant's Counsel]:  Well, Judge, I can only think of two ways of doing it, one to offer the transcript of the --

[Judge]:  Or the reporter.

[Commonwealth's attorney]:  Well, it wasn't a live reporter.

[Judge]:  It's a tape?

[Appellant's Counsel]:  It's a tape.

[Judge]:  Then we have a procedural problem.  Is it in evidence at all?  She says she didn't say it.

[Appellant's Counsel]  Right.

[Judge]:  I'm going to tell them to . . . look to the instructions because the instructions talk about prior inconsistent statements, but the jurors have already picked up on the fact that you were quoting from a document.  That document is not in evidence, and it's -- his or her question points out they don't know whether it's a deposition, an exhibit, evidence.  Where is the instruction on prior statements?

[Appellant's Counsel]:  It's in there, Judge.  It's in my stack, mine or the Commonwealth's.  One on prior inconsistent statements of witnesses.

[Judge]:  It's not boiler plate A.

[Appellant's Counsel]: It's in instruction E. It's the model instruction.

[Judge]: I'll give it, A, and E can deal with it, but basically it's an interesting evidentiary point. Those statements are not in evidence unless she says she said them or somebody else says she said them. I'll tell them when they come in.

[Appellant's Counsel]: Judge, it creates a --

[Judge]: I'm going to leave it where it is.

[Appellant's Counsel]: Just for the record, Judge, it might create a difficult problem for court appointed attorneys who cannot get a court reporter for a hearing and who tape a hearing. Now, I have the tape.

[Judge]: The policy problems that might arise in a broad sweeping way do not govern the immediate moment of evidence inadmissibility.

[Appellant's Counsel]: I understand.

[Judge]: Her statements through her are denied. Therefore, there is no evidence that she made those statements, but I'm going to leave it in the posture as presently seeded in the instructions.

When the jury returned, the judge responded to the juror's question as follows:

The earlier instruction was that the words of the witness are the evidence, not the words of counsel.

There is no evidence before you as to what that document is.

The concept of prior inconsistent statements is a part of the credibility argument people make, but technically there is no evidence in because the witness said in part, where he was reading certain things, I didn't say that.

So, it is not for your present purposes a court document. You aren't to speculate on what it is. And in terms of the instructions it will come to you later on how you resolve credibility.

Counsel made no further objections. At the conclusion of the evidence, the trial court gave the requested instructions concerning the credibility of witnesses and prior inconsistent statements.[1]

The jury returned a verdict of guilty,[2] and appellant was sentenced to five years incarceration and a $5,000 fine. Appellant appeals that conviction.

## II.

Appellant failed to present the argument to the trial court that he now raises on appeal and did not object to the trial court's mid-trial ruling. "[The Supreme Court of Virginia has] repeatedly and consistently held that a litigant must object to a ruling of the circuit court if that

---

[1] At the close of the evidence, the trial judge gave the jury the following instructions:

> You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence.
>
> You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and if any have been shown, their prior inconsistent statements or whether they have knowingly testified untruthfully as to any material fact in the case.
>
> You may not arbitrarily disregard believable testimony of a witness.
>
> However, after you have considered all of the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.
>
>     \*    \*    \*    \*    \*    \*    \*
>
> . . . If you believe from the evidence that a witness previously made a statement inconsistent with his testimony at this trial, the only purpose for which that statement may be considered by you is its bearing on the witness's credibility.
>
> It is not evidence that what the witness previously said is true.

[2] The sentencing order states the appellant pled guilty to the charge. This is a clerical

- 5 -

litigant desires to challenge the ruling upon appeal." Commonwealth v. Washington, 263 Va. 298, 304, 559 S.E.2d 636, 639 (2002). A defendant cannot tacitly consent to a ruling and later use that as a basis for objection. See id. at 306, 559 S.E.2d at 640. We have long held that we will not consider an argument on appeal that was not presented to the trial court. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18). "The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citation omitted). Accordingly, appellant's argument is barred by Rule 5A:18 because it was not raised in the circuit court, providing us no ruling to review on appeal. See Ohree v. Commonwealth, 26 Va. App. 299, 307-08, 494 S.E.2d 484, 488 (1998); Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993).

Further, the ends of justice do not require us to address these issues. "[T]he ends of justice exception is narrow and is to be used sparingly . . . . The trial error must be clear, substantial and material." Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (internal quotations and citations omitted). "[To invoke the ends of justice exception to Rule 5A:18, the record] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Id. at 221, 487 S.E.2d at 272 (internal quotations and citations omitted).

In the instant case, the record shows appellant's counsel made no objection to the trial judge's comments to the jury. The concept of prior inconsistent statements is part of a credibility argument. Technically there is no evidence before the trier of fact when a witness answers a question by responding "I didn't say that." When appellant's counsel stated the Commonwealth

error and should be corrected upon remand.

had not objected to his reading of the victim's answers into evidence, the trial judge said, "you and I are talking about two different things." Appellant's counsel apologized, and the colloquy continued regarding the appropriate instruction for the jury. The argument made by appellant was that the trial court's ruling "might create a difficult problem for court appointed attorneys who cannot get a court reporter for a hearing and who tape a hearing." The trial court in response stated that this "policy" issue is distinct from the issue of admissibility. This "policy" issue is not the basis of appellant's contention of error on appeal. He made no proffer of the hearing transcript and allowed the judge to respond to the juror's question without objection. The jury was properly instructed on the use of prior inconsistent statements at the close of all the evidence. The record fails to disclose anything that would allow us to invoke the ends of justice exception to Rule 5A:18.

For the foregoing reasons, we affirm appellant's conviction and remand for correction of the clerical error.

_Affirmed and remanded._
