COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges O'Brien and AtLee
Argued by teleconference

UNPUBLISHED

COMMONWEALTH OF VIRGINIA

                                        MEMORANDUM OPINION* BY
v.      Record No. 1438-19-2         CHIEF JUDGE MARLA GRAFF DECKER
                                             FEBRUARY 18, 2020
NATHANIEL LAMONT BROCK


FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William E. Glover, Judge

Brittany A. Dunn-Pirio, Assistant Attorney General (Mark R.
Herring, Attorney General, on briefs), for appellant.

Christopher M. Reyes (Spencer, Meyer & Koch, PLC, on brief), for
appellee.


Nathaniel Lamont Brock (the defendant) was indicted for possession of a controlled

substance with the intent to distribute, distribution of a controlled substance, and conspiracy to

distribute a controlled substance in violation of Code §§ 18.2-248 and -256.  The defendant filed a

pretrial motion to dismiss the indictments, arguing that the prosecution of the charges would violate

the constitutional prohibition against double jeopardy.  After a hearing, the circuit court granted the

motion and dismissed the charges on double jeopardy grounds.  The Commonwealth appeals the

dismissal pursuant to Code § 19.2-398, arguing that double jeopardy principles do not apply.  After

a thorough review of the record, arguments, and relevant law, we conclude that the circuit court

erred because the defendant waived his double jeopardy objection.  Consequently, we reverse the

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

circuit court's ruling dismissing the indictments and remand the case for further proceedings consistent with this opinion.

## I. BACKGROUND[1]

This case stems from a purported cocaine sale made by the defendant to Darius Waugh on May 1, 2018. Scott Morgan acted as a confidential informant for the police and provided Waugh with transportation to meet the defendant. As a result of the meeting, the defendant was charged with possession of a controlled substance with the intent to distribute, distribution of a controlled substance, and conspiracy to distribute a controlled substance.

On the morning of the defendant's trial, the Commonwealth asked the circuit court to *nolle prosequi* the charges. The prosecutor explained that Waugh verbally agreed to plead guilty and was expected to testify against the defendant. However, he was incarcerated in Maryland on an unrelated charge and was not available to testify at the defendant's trial. The defendant objected. Defense counsel urged the circuit court "to consider taking it a step further" if it thought *nolle prosequi* was appropriate and instead dismiss the case with prejudice. The court denied both motions.

The case proceeded to trial, and a jury was selected and sworn.

Near the conclusion of the case-in-chief, the Commonwealth called Scott Morgan to testify. Morgan asked about immunity from prosecution based on his anticipated testimony. The judge sent the jury out of the courtroom and then asked Morgan if he had discussed with an attorney whether he should testify. He told the judge that he had not been advised by counsel about whether he should testify regarding the May 1, 2018 incident. The prosecutor relayed that Morgan had not

---

[1] In an appeal brought by the Commonwealth pursuant to Code § 19.2-398, we view the record in the light most favorable to the defendant as the prevailing party below. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067 (1991).

received an offer of immunity. The judge told Morgan that the court could not give him immunity but he had a right to refuse to testify. Morgan indicated that he was willing to testify but was concerned that he might incur charges based on his testimony.

The judge *sua sponte* declared a mistrial because the "witness . . . ha[d] not been properly vetted with a lawyer." Immediately, the defendant's attorney said, "Thank you, sir." The court announced that it would reschedule the case in order to allow Morgan the opportunity to consult with legal counsel before testifying. Defense counsel stated that she "accept[ed] the [c]ourt's decision as to a mistrial." She complained, however, that the mistrial "le[d] right back" to the prosecutor's earlier motion to *nolle prosequi*. Defense counsel then argued: "This puts [the defendant in] a very precarious position. So instead of a mistrial, I'm asking this Court . . . to reconsider and dismiss the case entirely with prejudice because the jury has been called, witnesses have been called, so jeopardy has attached." The court denied the request and noted that the mistrial had nothing to do with the prosecutor's actions. The defense attorney and prosecutor then both participated in setting the date for retrial.

After a new trial date was set, the defendant filed a motion to dismiss the charges on double jeopardy grounds. On August 28, 2019, a different judge than the judge who presided over the original trial heard the motion. The Commonwealth, relying on Commonwealth v. Washington, 263 Va. 298 (2002), contended that the defendant had implicitly consented to the mistrial and thus waived any double jeopardy challenge.

The judge agreed with the defendant and granted his motion to dismiss the indictments. In so ruling, the judge concluded that the defendant had sufficiently objected to the mistrial.

II. ANALYSIS

The Commonwealth appeals the dismissal of this case as authorized by Code § 19.2-398(A)(1). It argues that the circuit court erred in holding that the defendant's constitutional

protections from double jeopardy barred the trial because he consented to the mistrial and consequently waived such rights.

In the circuit court, the defendant carries the burden of "'substantiat[ing]' his allegation [of double jeopardy]." Roach v. Commonwealth, 51 Va. App. 741, 749 (2008) (second alteration in original) (quoting Cooper v. Commonwealth, 13 Va. App. 642, 644 (1992)). On appeal, the Commonwealth, as the appellant, bears the burden of showing that the circuit court's ruling constituted reversible error. See, e.g., Hairston v. Commonwealth, 67 Va. App. 552, 560 (2017). An appellate court reviews *de novo* the legal question whether double jeopardy bars a subsequent prosecution. See Commonwealth v. Gregg, 295 Va. 293, 296 (2018). "This Court 'examine[s] the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter[s].'" Campbell v. Commonwealth, 69 Va. App. 217, 226 (2018) (alterations in original) (quoting Davis v. Commonwealth, 63 Va. App. 45, 52 (2014)). Finally, in making this examination, an appellate court "indulge[s] every reasonable presumption against" concluding that a criminal defendant has waived a fundamental constitutional right. Allen v. Commonwealth, 252 Va. 105, 111 (1996) (quoting Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1937)).

The Fifth Amendment protection against double jeopardy "provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.'"[2] Washington, 263 Va. at 302 (quoting U.S. Const. amend. V). "The underlying idea" is that the government "should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense[,] and ordeal . . . , as well as enhancing the possibility that even though innocent he may be found guilty." Id. at 303 (quoting Green v. United States, 355 U.S. 184, 187-88 (1957)).

---

[2] "Virginia's constitutional guarantee against double jeopardy affords a defendant the same guarantees as the federal Double Jeopardy Clause." Roach, 51 Va. App. at 748 n.3 (quoting Stephens v. Commonwealth, 263 Va. 58, 62 (2002)).

The constitutional guarantee against double jeopardy includes a defendant's "right to have his trial completed by a particular tribunal." Id. Consequently, it also provides "the right . . . to have [a defendant's] trial completed before the first jury empaneled to try him." Id. (first alteration in original) (quoting Oregon v. Kennedy, 456 U.S. 667, 673 (1982)).

Generally, double jeopardy attaches in a criminal case when the jury is sworn. Kemph v. Commonwealth, 17 Va. App. 335, 340 (1993). However, some exceptions to this general rule exist, including when a defendant has waived double jeopardy protections. Washington, 263 Va. at 303. "This waiver may be expressed or implied." Id. (quoting Mack v. Commonwealth, 177 Va. 921, 930 (1941)). "The Supreme Court has made clear that a defendant may 'waive[] his double jeopardy rights' by failing to make 'an express objection to the circuit court's declaration of a mistrial.'" King v. Commonwealth, 40 Va. App. 364, 371 (2003) (quoting Washington, 263 Va. at 304-05).

Whether a criminal defendant has waived his Fifth Amendment right against double jeopardy is "not a question of historical fact[] but one which . . . requires 'application of constitutional principles'" to the facts. See Brewer v. Williams, 430 U.S. 387, 403 (1977) (quoting Brown v. Allen, 344 U.S. 443, 507 (1953) (separate opinion)) (discussing waiver of the constitutional right to counsel). Accordingly, whether a defendant's actions and statements constituted a waiver is a "legal determination that we review *de novo*," taking into account the facts in the record.[3] See Blue v. Commonwealth, 49 Va. App. 704, 710 (2007) (quoting Commonwealth v. Redmond, 264 Va. 321, 327 (2002)) (addressing waiver of right to counsel). In determining whether a defendant has waived a constitutional right, an appellate court reviews "the record as a whole." See Watkins v. Commonwealth, 26 Va. App. 335, 344-45 (1998).

---

[3] We note that the judge who granted the motion to dismiss the indictments based on double jeopardy was not the judge who *sua sponte* granted the mistrial.

- 5 -

In Washington, 263 Va. at 300-01, the judge at the original trial declared a mistrial after the jury was sworn because not enough jurors remained in the venire from which to select an alternate. Although Washington's attorney did not expressly object to the mistrial, she asserted at the time that jeopardy had attached because the jurors had been sworn. Id. at 302. In addition, the circuit court stated that "[n]ow [defendant's counsel] is going to move to dismiss on double jeopardy grounds." Id. (second alteration in original); see also id. at 309-12 (Koontz, J., dissenting) (explaining the events establishing that Washington did not consent to the mistrial). At the subsequent trial, with a different judge presiding, Washington moved to dismiss the charges on double jeopardy grounds. Id. at 302. The court denied the motion. Id. The Supreme Court of Virginia held that the defendant "implicitly consented" to the mistrial because he had not expressly objected when the circuit court declared a mistrial. Id. at 304-05. The Court reasoned that Washington therefore "waived his double jeopardy rights."[4] Id.

Similarly, in this case, the defendant did not specifically object when the court declared a mistrial. Instead, the defense attorney thanked the judge for declaring a mistrial and "accept[ed]" the ruling. She did not even suggest that a mistrial was unnecessary.[5] Although counsel later asked for a dismissal with prejudice, without a specific objection to the mistrial, her phrasing suggests that she was presenting her preferred alternative, namely that the judge dismiss the case with prejudice. In addition, her reference to her earlier motion to dismiss with prejudice suggests that her request

---

[4] As noted by the Commonwealth, we recognize that the Fourth Circuit rejected the holding of the Supreme Court of Virginia in Washington in a related *habeas* proceeding and instead concluded that Washington adequately objected to the mistrial. See Washington v. Jarvis, 37 Fed. Appx. 543, 555-56 (4th Cir. 2005) (unpublished per curiam decision). However, "[o]nly decisions of the United States Supreme Court can supersede binding precedent from the Virginia Supreme Court." Anderson v. Commonwealth, 48 Va. App. 704, 712 n.2 (2006). Accordingly, the Virginia Supreme Court's decision in Washington is binding on this Court.

[5] At the double jeopardy hearing, defense counsel acknowledged that she did not object to the mistrial.

was a renewal of that motion rather than an objection to the mistrial. By failing to expressly object to the mistrial and implicitly consenting to it, the appellant "waive[d] his double jeopardy rights." See King, 40 Va. App. at 371. Thus, the circuit court erred by dismissing the indictments on double jeopardy grounds.

The defendant relies on an earlier case, Allen v. Commonwealth, 252 Va. 105 (1996), for the proposition that he did not consent to the mistrial and preserved his constitutional protections against double jeopardy. In that case, the circuit court granted the prosecutor's motion for mistrial, which was based on post-trial information that one of the jurors lived in another jurisdiction. Id. at 107. Defense counsel agreed that the jury had been improperly constituted but requested that the case be dismissed because jeopardy had already attached. Id. The Supreme Court held on those facts that Allen did not consent to the mistrial. Id. at 111.

The defendant's reliance on Allen is misplaced. Unlike Allen, "the defendant in this case tacitly consented to the mistrial." See Washington, 263 Va. at 306 (distinguishing Allen). In addition, defense counsel, like defense counsel in Washington, made "clear and unequivocal objections" to other "rulings of the circuit court that were adverse to [the defendant's] position." See id. In particular, when the Commonwealth made its motion to *nolle prosequi* the charges, defense counsel made her objection clear. After a thorough review of the record in the instant case, we conclude that the facts here are similar to Washington and, as in that case, different from those in Allen.[6] See id. at 305-06; Allen, 252 Va. at 107-08.

---

[6] In addition, Washington narrows Allen. See Washington, 263 Va. at 305-06; see also King, 40 Va. App. at 371 ("The Supreme Court has made clear that a defendant may 'waive[] his double jeopardy rights' by failing to make 'an express objection to the circuit court's declaration of a mistrial.'" (quoting Washington, 263 Va. at 304-05)). Under circumstances similar to those here, the Court in Washington held that Allen did not control and that the appellant waived his double jeopardy protections. Washington, 263 Va. at 304-05.

For these reasons, the defendant waived his constitutional protections against double jeopardy.  Consequently, the circuit court erred as a matter of law by holding that the second prosecution violated these protections.

### III.  CONCLUSION

We hold that the record, viewed under the appropriate legal standard, compels the conclusion that the second prosecution did not violate the defendant's constitutional protections against double jeopardy.  Consequently, we reverse the ruling dismissing the indictments and remand the matter to the circuit court for further proceedings.

<u>Reversed and remanded.</u>