SENIOR JUSTICE POFF
delivered the opinion of the Court.
The principal issue framed on this appeal is whether the accused was denied his statutory right to a speedy trial upon remand following reversal by the Court of Appeals on an unrelated issue. Because the speedy trial statute[1] defines a breach of the right in terms of the *427 expiration of stated time periods, we will summarize the relevant chronology.
January 9, 1992 The General District Court of the City of Richmond conducted a preliminary hearing on warrants charging Steven Jerome Johnson with robbery and with the use of a firearm in the commission of robbery. That court found probable cause and certified the case to the circuit court.
April 27, 1992 Convicted by a jury on both counts and sentenced to a total of nine years’ imprisonment, Johnson appealed to the Court of Appeals.
December 14, 1993 A panel of the Court of Appeals entered an order finding “error in the judgment” and remanding the case “for a new trial”.
March 11, 1994 Alleging denial of his statutory right to a speedy trial, Johnson filed a motion to dismiss. Following a hearing, the circuit court denied the motion.
May 9, 1994 Johnson entered a guilty plea, conditioned upon his right to appeal the speedy trial issue. The trial court imposed sentence, and Johnson appealed the final judgment to the Court of Appeals.
*428 October 24, 1995 A panel of the Court of Appeals affirmed the trial court’s judgment. This appeal ensued.
I.
Invoking “the last unnumbered paragraph of 19.2-243”, Johnson contends that the “running of the [five-month] statutory period was tolled during the pendency of the appeal” and that the “statutory period resumed on [December 14, 1993], leaving the Commonwealth with the unexpired balance of time within which to try the case or take other action.” We disagree with that construction of the statute.
The statute expressly provides that an accused felon must be “forever discharged from prosecution ... if no trial is commenced in the circuit court within five months from the date . . . probable cause was found by [a] district court” when the accused has been “held continuously in custody” for that period; if at liberty during that period, the accused will be discharged from prosecution if “no trial is commenced . . . within nine months from the date such probable cause was found.” The same time periods, with the same distinctions concerning custody, apply to an accused on appeal of a district court conviction of a misdemeanor or traffic infraction, that is, the accused must be discharged from prosecution “if the trial de novo in the circuit court is not commenced” before expiration of the applicable time period.
Code § 19.2-243 uses the word “commenced” repeatedly and purposefully to define compliance with the time periods prescribed as the statutory measure of the right of an accused to a speedy trial. Nowhere does the statute, including the last unnumbered paragraph, require that the trial, once timely commenced, be concluded before the termination of the time period.
This Court reached that conclusion in Butts v. Commonwealth, 145 Va. 800, 133 S.E. 764 (1926). There, the appellant argued, as Johnson argues here, that the speedy trial statute required that final judgment be entered before expiration of the applicable time period. Rejecting that contention, we said:
The object of the statute is to secure a “speedy trial,” and where the accused is actually brought to trial within the time required by the statute, but from some adventitious cause, without fault on the part of the Commonwealth, . . . final judgment cannot be entered during such [time], the statute has been sufficiently complied with.
*429 Id. at 808, 133 S.E. at 766; accord Howell v. Commonwealth, 186 Va. 894, 898, 45 S.E.2d 165, 166-67 (1947)[2].
Johnson’s challenge addresses only the speedy trial statute. Neither the Sixth Amendment of the federal Constitution nor article 1, § 8 of the Constitution of Virginia was invoked in the trial court or on appeal to this Court. In Barker v. Wingo, 407 U.S. 514 (1972), the Supreme Court concluded that, in the enactment of such statutes, “[t]he States ... are free to prescribe a reasonable period”, id. at 523, and that when required to determine “whether a particular defendant has been deprived of his [constitutional] right”, courts should consider “[l]ength of delay, the reason for the delay, the defendant’s assertion of his right, and prejudice to the defendant”, id. at 530.
Reaffirming our construction of the statute in Butts and Howell, we hold that when, as here, the trial of an accused has been commenced within the applicable time period prescribed by the Virginia statute and, on appeal, a conviction is reversed and the case is remanded for retrial, the time for retrial rests within the discretion of the trial court, a discretion measured and controlled by the constitutional standards of reasonableness and fairness explicated in Barker. Stated differently, upon retrial following reversal on appeal, the right of an accused to a speedy trial is governed exclusively by the constitutional mandate.[3]
n
In a second assignment of error, Johnson contends that the panel of the Court of Appeals whose judgment is under review erred in holding that it was “bound by the principle of stare decisis to apply” an earlier ruling made by another panel in Morgan v. Commonwealth, 19 Va. App. 637, 453 S.E.2d 914 (1995).
In Commonwealth v. Burns, 240 Va. 171, 174, 395 S.E.2d 456, 457 (1990), we said:
*430 As used in Code § 17-116.02(C), acting independently merely means that each panel must decide on its own the cases it hears, not that it is free from traditional rules of decision, such as stare decisis.
Complaining that the Burns court “did not consider the provision in Code § 17-116.02(D)(ii)” authorizing an en banc hearing by the Court of Appeals, Johnson characterizes our statutory interpretation as dictum. The Court of Appeals has repeatedly applied our interpretation as a rule of law. See Rocco Turkeys, Inc. v. Lemus, 21 Va. App. 503, 510, 465 S.E.2d 156, 160 (1996); In Re Baskins, 16 Va. App. 241, 245, 430 S.E.2d 555, 558 (1993), rev’d on other grounds sub nom. Jamborsky v. Baskins, 247 Va. 506, 442 S.E.2d 636 (1994); Hall v. Commonwealth, 14 Va. App. 892, 894 n.2, 421 S.E.2d 455, 457 n.2 (1992).
Reaffirming our statutory interpretation in Burns we hold that a decision of a panel of the Court of Appeals becomes a predicate for application of the doctrine of stare decisis until overruled by a decision of the Court of Appeals sitting en banc or by a decision of this Court. Finding no error below, we will affirm the judgment.

Affirmed.

 In relevant part, Code § 19.2-243 provides:
Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court; and if the accused is not held in custody but has been recognized for his .appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court within nine months from the date such probable cause was found.
*427 If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the commencement of the running of the five and nine months periods, respectively, set forth in this section, shall be from the date an indictment or presentment is found against the accused.
If an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein, the five and nine months periods, respectively, shall commence to run from the date of his arrest thereon.
Where a case is before a circuit court on appeal from a conviction of a misdemeanor or traffic infraction in a district court, the accused shall be forever discharged from prosecution for such offense if the trial de novo in the circuit court is not commenced (i) within five months from the date of the conviction if the accused has been held continuously in custody or (ii) within nine months of the date of the conviction if the accused has been recognized for his appearance in the circuit court
But the time during the pendency of any appeal in any appellate court shall not be included as applying to the provisions of this section.

 The speedy trial statute construed in Butts and applied in Howell, former Code § 4926, contained the same language contained “in the last unnumbered paragraph of 19.2-243” invoked by Johnson in support of his construction of the statute.

 A number of courts in other states have agreed that the time limitations of speedy trial statutes do not apply on retrial and that when a retrial is required, an accused must rely on the constitutional guarantee. See e.g., Lahr v. State, 615 N.E.2d 150, 151-52 (Ind. App. 2 Dist. 1993); Carlisle v. State, 393 So.2d 1312, 1314 (Miss. 1981); Ruester v. Turner, 250 So.2d 264, 267 (Fla. 1971).