COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


GREGORY FISHER, JR.
                                          OPINION BY
v.          Record No. 0918-97-1    JUDGE RICHARD S. BRAY
                                         MARCH 24, 1998
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Norman Olitsky, Judge

        C. Gerard Thompson (Cooper, Spong & Davis,
        P.C., on brief), for appellant.

        Leah A. Darron, Assistant Attorney General
        (Richard Cullen, Attorney General, on brief),
        for appellee.


     Gregory Fisher, Jr. (defendant) was convicted of aggravated
malicious wounding and related use of a firearm.  On appeal,
defendant complains (1) he was denied the right of speedy trial
guaranteed by Code § 19.2-243, and (2) the trial court
erroneously refused to permit his counsel to withdraw and testify
to impeach a Commonwealth witness.  Finding no error, we affirm
the convictions.

     In accordance with well established principles, we review
the evidence in "the light most favorable to the Commonwealth,"
granting to it "all reasonable inferences fairly deducible
therefrom."  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218
S.E.2d 534, 537 (1975).

     The victim, Tony Woods, was awakened at approximately 3:00
a.m. by a knock at the door of a female friend's home located in

the City of Portsmouth.  Opening the door, Woods was met by Anthony Smith, a longtime acquaintance, asking to borrow money.  Woods declined and ordered Smith to leave.  Within minutes, however, Smith returned and Woods again directed him off the property.  When Woods responded to a third knock at the door, Smith was accompanied by defendant, who shot Woods several times from a distance of "about five feet."  Defendant then attempted to enter the house, but Woods closed the door and "laid down on the floor."  Woods had known defendant for several years, and defendant had threatened to "shoot him right now" just two days before the instant offenses.

Portsmouth Police Officer Charles Sotomayor was dispatched to the residence, spoke to Woods for approximately "two . . . to five minutes" and prepared an "initial offense report" "summar[izing] . . . what was related to [him]" by Woods.  The report described a single "suspect," Anthony Smith, and was submitted by Sotomayor to his supervisor on the morning of the shooting.  Woods, however, insisted at trial that he also named "Greg," defendant, to police at the crime scene.  Sotomayor testified that Woods first mentioned defendant the following evening and that Sotomayor related this additional information directly to the investigating detective rather than prepare a supplemental report.

The relevant procedural history is uncontroverted.  On January 9, 1996, the district court found probable cause at a

preliminary hearing on the offenses and certified the charges to the trial court. A grand jury indicted defendant on February 1, 1996. Trial commenced on April 23, 1996, ending in a mistrial on defendant's motion as a result of deficiencies in the Commonwealth's response to previously ordered discovery. In granting defendant's motion, however, the trial court specifically found "no intentional failure" by the Commonwealth to comply with the order. A second trial began on August 15, 1996, but also ended in a mistrial, granted on motion of defendant after Woods testified that defendant "used to sell drugs to me."

The instant trial commenced on September 30, 1996. At the inception of the proceedings, defendant moved the court to dismiss the indictments because the trial had not commenced within the five-month period prescribed by Code § 19.2-243.[1] The court denied defendant's motion, a ruling defendant challenges on appeal.

During trial and after the Commonwealth had rested its case, defense counsel advised the court that he and Officer Sotomayor had previously discussed inconsistencies between information attributed to Woods on Sotomayor's offense report and Woods' recollection of events at trial. Counsel proffered Sotomayor's explanation to him, which differed from his testimony at trial,

---

[1]It is not disputed that defendant was "held continuously in custody . . . from the date . . . probable cause was found by the district court." Code § 19.2-243.

and sought leave to withdraw and offer himself as a defense witness to impeach Sotomayor.  After entertaining argument, the court denied counsel's motion and continued with trial, which concluded in convictions of defendant on both indictments.

### Speedy Trial

Code § 19.2-243 provides, in pertinent part, that an accused "shall be forever discharged from prosecution . . . if no trial is commenced . . . within five months from the date . . . probable cause was found by the district court."  Code § 19.2-243.  The statute specifically excludes "such period of time as the failure to try the accused was caused" by several enumerated circumstances.  However, "[t]he specified reasons for excusable delay listed in the statute are not exclusive; other similar circumstances may excuse delay in trying the accused within the designated time."  Adkins v. Commonwealth, 13 Va. App. 519, 521, 414 S.E.2d 188, 189 (1992) (citing Stephens v. Commonwealth, 225 Va. 224, 230, 301 S.E.2d 22, 25 (1983)).  "[S]ome delay is unavoidable and some is essential to due process."  Stephens, 225 Va. at 231, 301 S.E.2d at 26.  Thus, "[i]f the record shows that the delay was due to one of the justifiable reasons specified in the Code, or a reason of a similar nature, that delay will not bar a later trial."  Bunton v. Commonwealth, 6 Va. App. 557, 559, 370 S.E.2d 470, 471 (1988) (footnote omitted).

Defendant contends that the April, 1996 mistrial was

necessitated by the Commonwealth's failure to comply with the prior discovery order.  He, therefore, reasons that the Commonwealth was not exempted from the time constraints of Code § 19.2-243, which required trial to commence within five months of the preliminary hearing date, January 9, 1996, a limitation that barred the instant prosecution.  We disagree.

"Code § 19.2-243 uses the word 'commenced' repeatedly and purposefully to define compliance with the time periods prescribed as the statutory measure of . . . a speedy trial." Johnson v. Commonwealth, 252 Va. 425, 428, 428 S.E.2d 539, 540 (1996).  Thus, it clearly "addresses the commencement of trial, not the conclusion of proceedings." Morgan v. Commonwealth, 19 Va. App. 637, 640, 453 S.E.2d 914, 915 (1995); see Riddick v. Commonwealth, 22 Va. App. 136, 138, 468 S.E.2d 135, 138 (1996). This well established principle is consonant with the "'object of the statute . . . to secure a "speedy trial"'" for the accused, while recognizing that "'where the accused is actually brought to trial within the time required by statute, but from some adventitious cause, without fault on the part of the Commonwealth, . . . final judgment cannot be entered during such [time], the statute has been sufficiently complied with.'" Johnson, 252 Va. at 428, 428 S.E.2d at 540-41 (quoting Butts v. Commonwealth, 145 Va. 800, 808, 133 S.E. 764, 766 (1926)).

A mistrial generally results from "some adventitious cause" that impairs due process or otherwise thwarts the proper

administration of justice.  Therefore, when a prosecution is disrupted by mistrial, the commencement of such trial, if timely, satisfies the statutory mandate and excludes subsequent retrials from the provisions of Code § 19.2-243.  This result is especially appropriate where, as here, the remedy of mistrial was granted upon motion of the accused, without evidence of machinations by the Commonwealth.[2]  See Brandon v. Commonwealth, 22 Va. App. 82, 89, 467 S.E.2d 859, 862 (1996).  Defendant's April trial was commenced timely, and the subject trial "was but an extension of that same proceeding, based upon the same indictment and process and following a regular, continuous order" and without "implicating a new speedy trial time frame."  Morgan, 19 Va. App. at 639, 453 S.E.2d at 915.

### Withdrawal of Counsel

The defendant next asserts the trial court abused its discretion by refusing to allow defense counsel to withdraw and testify, thereby denying defendant the right to impeach Sotomayor through proof of inconsistencies between his trial testimony and prior statements allegedly made in conversation with counsel.  In

---

[2]In the event bad faith or other prosecutional misconduct precipitates a mistrial, an accused is insulated from further prosecution by the double jeopardy safeguards of the United States Constitution, see Brandon v. Commonwealth, 22 Va. App. 82, 91, 467 S.E.2d 859, 863 (1996); Kemph v. Commonwealth, 17 Va. App. 335, 341, 437 S.E.2d 210, 213 (1993) (citing Oregon v. Kennedy, 456 U.S. 667, 676 (1982); MacKenzie v. Commonwealth, 8 Va. App. 236, 240, 380 S.E.2d 173, 175 (1989)), as well as the reasonableness and fairness protections of the constitutional speedy trial standard.  See Shavin v. Commonwealth, 17 Va. App. 256, 267, 437 S.E.2d 411, 418 (1993) (citations omitted).

- 6 -

support of his argument, defendant relies upon Rule 5-102(A) of the Disciplinary Rules of the Virginia Code of Professional Responsibility which provides, in pertinent part, that, "[i]f, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he . . . ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial."

Initially, "[w]e question the propriety of equating the force of a disciplinary rule with that of decisional or statutory law."  See Shuttleworth, Ruloff, and Giordano, P.C. v. Nutter, 254 Va. 494, 498, 493 S.E.2d 364, 366 (1997).  Notwithstanding this concern, however, a decision to permit counsel to withdraw mid-trial rests with the sound discretion of the trial court.  See Davis v. Commonwealth, 21 Va. App. 587, 592-93, 466 S.E.2d 741, 743-44 (1996); Terrell v. Commonwealth, 12 Va. App. 285, 293, 403 S.E.2d 387, 391 (1991).  When defendant's counsel failed to cross-examine Officer Sotomayor relative to the alleged inconsistent statements to counsel, he failed to lay a proper foundation necessary to impeach Sotomayor through testimony regarding such statements.  See Charles E. Friend, The Law of Evidence in Virginia § 4-3(c) (4th ed. 1993).  Thus, impeachment of Sotomayor by counsel's testimony would have been impermissible.

Accordingly, we affirm the convictions.

Affirmed.