COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Felton and Kelsey
Argued at Chesapeake, Virginia


DAVE A. THOMAS

MEMORANDUM OPINION[*] BY
v.        Record No. 0155-03-1        JUDGE WALTER S. FELTON, JR.
                                                 JUNE 8, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr. Judge

Felipita Athanas, Appellate Counsel (Joseph R. Winston, Special
Appellate Counsel; Public Defender Commission, on briefs), for
appellant.

Josephine F. Whalen, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Dave A. Thomas was convicted of the first-degree murder of his stepdaughter and of the use

of a knife in the commission of that murder.  On appeal, he contends that his statutory and

constitutional rights to a speedy trial were violated and that the trial court erred in denying his

motions to dismiss the indictments.  We affirm his convictions.

I.  BACKGROUND

On August 8, 2001, Thomas was arrested for the murder of his stepdaughter.  A preliminary

hearing was held in the juvenile and domestic relations district court on October 18, 2001, at which

time probable cause was found that Thomas committed the offenses.  He was subsequently indicted

for first-degree murder and the use of a knife in the commission of a felony on November 7, 2001.

His initial trial date was set for January 23, 2002, but was continued on the Commonwealth's

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

motion until March 7, 2002. Following a two-day trial, the trial court declared a mistrial when the jury was unable to reach a verdict.

The trial court set the retrial for April 29, 2002. After several continuances, the retrial began on August 6, 2002. On August 7, 2002, the trial again ended in a mistrial when the jury failed to reach a verdict.

The second retrial began October 22, 2002. On October 24, 2002, the jury convicted Thomas of first-degree murder and the use of a knife in the commission of the murder. Upholding the jury's verdict, the trial court sentenced Thomas to twenty years imprisonment for the murder and to five years for the use of a knife in the commission of murder.

## II. STATUTORY SPEEDY TRIAL

Thomas contends that the trial court erred in denying his motion to dismiss the indictments because the Commonwealth failed to bring him to trial within the time limitations set by Code § 19.2-243. Code § 19.2-243 provides, in pertinent part, that an accused "shall be forever discharged from prosecution . . . if no trial is commenced . . . within five months from the date . . . probable cause was found by the district court."[1] Thomas argues that because the trial proceedings at which he was convicted did not begin until October 2002, more than five months after the finding of probable cause by the district court in October 2001, his statutory speedy trial right was violated and that the indictments should therefore be dismissed. Code § 19.2-243 specifically provides, however, that its time limitations "shall not apply to such period of time as the failure to try the accused was caused . . . [b]y the inability of the jury to agree in their verdict." Code § 19.2-243(5).

---

[1] It is not disputed that defendant was "held continuously in custody . . . from the date . . . probable cause was found by the district court."

The Supreme Court has noted that, "Code § 19.2-243 uses the word 'commenced' repeatedly and purposefully to define compliance with the time periods prescribed as the statutory measure of the right of an accused to a speedy trial." Johnson v. Commonwealth, 252 Va. 425, 428, 478 S.E.2d 539, 540 (1996). This Court has held that the statutory measure of a speedy trial clearly "addresses the commencement of trial, not the conclusion of proceedings." Morgan v. Commonwealth, 19 Va. App. 637, 640, 453 S.E.2d 914, 915 (1995). This well-established principle is consonant with the "object of the statute . . . to secure a 'speedy trial'" for the accused, while recognizing that "'where the accused is actually brought to trial within the time required by the statute, but from some adventitious cause, without fault on the part of the Commonwealth, . . . final judgment cannot be entered during such [time], the statute has been sufficiently complied with.'" Johnson, 252 Va. at 428, 478 S.E.2d at 540-41 (quoting Butts v. Commonwealth, 145 Va. 800, 808, 133 S.E. 764, 766 (1926)).

In Fisher v. Commonwealth, 26 Va. App. 788, 793, 497 S.E.2d 162, 164 (1998), this Court stated:

> A mistrial generally results from "some adventitious cause" that impairs due process or otherwise thwarts the proper administration of justice. Therefore, when a prosecution is disrupted by mistrial, the commencement of such trial, if timely, satisfies the statutory mandate and excludes subsequent retrials from the provisions of Code § 19.2-243.[2]

In Rogers v. Commonwealth, 5 Va. App. 337, 362 S.E.2d 752 (1987), this Court addressed whether "the Commonwealth violated [Rogers's] right to a speedy trial by not retrying him within a reasonable time after a mistrial was declared in his first trial." Id. at 344, 362 S.E.2d at 756. There,

---

[2] In the event bad faith or other prosecutorial misconduct precipitates a mistrial, an accused is insulated from further prosecution by the double jeopardy safeguards of the Virginia and United States Constitutions. See Brandon v. Commonwealth, 22 Va. App. 82, 91, 467 S.E.2d 859, 863 (1996); see also Kemph v. Commonwealth, 17 Va. App. 335, 341, 437 S.E.2d 210, 213 (1993) (citing Oregon v. Kennedy, 456 U.S. 667, 676 (1982)).

we concluded that, "Code § 19.2-243, which prescribes specific periods within which a criminal defendant must be offered a trial, is not applicable since appellant's retrial was necessitated by the jury's inability in the first trial to agree in its verdict." Id. (citing Code § 19.2-243(5)). Here, Thomas's trial was timely commenced on March 7, 2002. The subsequent retrials were "'but an extension of that same proceeding, based upon the same indictment and process and following a regular, continuous order' and without 'implicating a new speedy trial time frame.'" Fisher, 26 Va. App. at 793, 497 S.E.2d at 164 (quoting Morgan, 19 Va. App. at 639, 453 S.E.2d at 915). Despite the jury's failure to reach a verdict in the first two trials, the Commonwealth satisfied the requirements of the statute by commencing the defendant's trial within the legislatively established time limits.

Here, Thomas does not contest that his first trial commenced within the statutorily required five months from the date of the finding of probable cause in the district court. Accordingly, we hold that because Thomas's initial trial was commenced within the time requirements of Code § 19.2-243, the Commonwealth did not violate his statutory right to a speedy trial.

### III.  CONSTITUTIONAL RIGHT TO SPEEDY TRIAL

Thomas also contends that his constitutional right to a speedy trial was violated. The Sixth Amendment to the United States Constitution and Article I, § 8 of the Virginia Constitution each guarantee an accused the right to a speedy trial. There is no difference between the constitutional rights to a speedy trial granted by the federal and state constitutions. Holliday v. Commonwealth, 3 Va. App. 612, 615-16, 352 S.E.2d 362, 364 (1987).

In Barker v. Wingo, 407 U.S. 514 (1972), the United States Supreme Court established a balancing test reviewing courts must consider in determining whether the delay in bringing an accused to trial violates that individual's constitutionally protected right to a speedy trial. Each of four factors must be weighed, namely: "'(1) length of delay; (2) the reason for the delay; (3)

the defendant's assertion of his right to speedy trial, and (4) prejudice to the defendant.'" Beachem v. Commonwealth, 10 Va. App. 124, 131, 390 S.E.2d 517, 520 (1990) (quoting Barker, 407 U.S. at 530). There is, however, no "precise formula for determining when the constitutional right to a speedy trial has been abridged." Moten v. Commonwealth, 7 Va. App. 438, 445, 374 S.E.2d 704, 708 (1988). Each case must be evaluated on its individual circumstances.

"The length of the delay is the 'triggering mechanism' for speedy trial analysis." Kelley v. Commonwealth, 17 Va. App. 540, 544, 439 S.E.2d 616, 619 (1994) (quoting Barker, 407 U.S. at 530). "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Rogers, 5 Va. App. at 345, 362 S.E.2d at 756. Here, Thomas was continually incarcerated for a period of almost fifteen months following his arrest until the beginning of the final retrial at which he was convicted. Over a year elapsed following the finding of probable cause in the district court and his conviction. Nine months elapsed between his first trial and the final retrial. The period of delay from Thomas's arrest until the beginning of his final retrial is sufficient to warrant further inquiry. See id. at 345, 362 S.E.2d at 756 (finding that nine months between mistrials required further inquiry); Holliday, 3 Va. App. at 617, 352 S.E.2d at 364 (finding that ten months delay while defendant was continuously in custody mandated further inquiry).

"'[W]hen a defendant challenges the delay as unreasonable, the burden devolves upon the Commonwealth to show, first, what delay was attributable to the defendant and not to be counted against the Commonwealth and, second, what part of the delay attributable to the prosecution was justifiable.'" Rogers, 5 Va. App. at 345, 362 S.E.2d at 756 (quoting Fowlkes v. Commonwealth, 218 Va. 763, 767, 240 S.E.2d 662, 664 (1978)).

In weighing the length of the delay, "the intent of the party causing the delay becomes highly relevant." Beachem, 10 Va. App. at 132, 390 S.E.2d at 520. "Balanced in this analysis is the conduct of both the prosecution and the defendant, the relative degree of fault to be attributed to that conduct, and the consequences of the remedies requested." Id. at 130, 390 S.E.2d at 519-20. Here, there was a total of 195 days of delay following the first mistrial until the beginning of the final retrial. Thomas's request for continuance resulted in twenty-six days of delay. The Commonwealth's continuances accounted for 169 days of delay.

A reasonable delay prior to commencement of a trial, such as that resulting from a missing witness, does not count adversely against the Commonwealth. See Barker, 407 U.S. at 531. We conclude that the 116 days of delay resulting from the Commonwealth's continuances were justified as that delay was caused by the difficulty of coordinating fifteen material witnesses, many of whom were out of state, for a multi-day trial; the continued illness of a material out-of-state witness; the unavailability of an investigating police officer; and childcare problems of another out-of-state witness.

The remaining period of delay resulted from the unavailability of the medical examiner caused by a scheduling mix-up in the Commonwealth's Attorney's office. The trial court found that while the delay resulted from a clerical error in the Commonwealth's Attorney's office in recording the available dates for the medical examiner, there was no evidence that the Commonwealth acted in bad faith. See Fowlkes, 218 Va. at 768, 240 S.E.2d at 665 (concluding that "while simple negligence on the part of the Commonwealth may be a 'more neutral reason' than deliberate procrastination, administrative derelictions 'nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant'" (quoting Barker, 407 U.S. at 531)). The trial court concluded that there was "no indication of deliberate misconduct by the prosecution." Holliday, 3 Va. App. at

618, 352 S.E.2d at 365. While the period necessary to reschedule the trial to accommodate the medical examiner's schedule must be weighed against the Commonwealth, that period of time is not of sufficient length to weigh heavily against the Commonwealth.

Thomas objected to each request by the Commonwealth for a continuance, thereby affirming his readiness for trial and asserting his right to a speedy trial. "[T]he defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." Barker, 407 U.S. at 531-32. This factor weighs in Thomas's favor.

We evaluate any prejudice to Thomas resulting from the delay by examining three interests: "(1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired." Rogers, 5 Va. App. at 347, 362 S.E.2d at 758 (citing Barker, 407 U.S. at 532). Thomas "bears the burden of demonstrating actual prejudice." Kelley, 17 Va. App. at 547, 439 S.E.2d at 620 (citing United States v. Loud Hawk, 474 U.S. 302, 315 (1986)). Although Thomas was continuously held in custody for almost fifteen months, he made no complaints that he experienced any abnormal degree of anxiety as a result of the delay. Id. ("While anyone who is subject to a criminal prosecution will commonly suffer anxiety and concern about the outcome, [appellant] makes no mention that the . . . delay caused him any distress or that the travails associated with awaiting trial were stressful or disruptive."). He did not allege that his defense was impaired as a result of the delay in his subsequent retrials following his initial trial. See id. He did not allege that any witness' memory was impaired or that any evidence was lost as a result of the delay. In short, Thomas failed to offer any evidence of prejudice suffered as a result of the delay. We therefore conclude from the record before us that Thomas was not prejudiced by the delay.

In weighing the Barker factors, we conclude that the length of time that Thomas was held in custody from his arrest until he was finally tried to conclusion, following several mistrials, warranted further inquiry into the delay. The majority of the delay was, however, either justifiable delay resulting from the mistrials or delay caused by Thomas. See Holliday, 3 Va. App. at 618, 352 S.E.2d at 365. We conclude from the record that none of the delays in concluding the criminal proceedings against Thomas were due to any deliberate attempt to delay the trial or to hamper the defense. See Barker, 407 U.S. at 531; United States v. Marion, 404 U.S. 307, 325 (1971).

The remaining delay between the initial trial and the final retrial was not of sufficient time to impair Thomas's constitutional rights to a speedy trial. Although Thomas clearly asserted his right to speedy trial, he failed to demonstrate prejudice resulting from the delay. Moreover, the record fails to reflect that he suffered any actual prejudice as a result of the delay. We, therefore, conclude that Thomas's constitutional right to a speedy trial was not violated.

Accordingly, we affirm the convictions.

Affirmed.