COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Elder, Frank and Petty
Argued at Salem, Virginia


WILLIAM SHANE WEBB

v.        Record No. 0954-12-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE LARRY G. ELDER
JUNE 11, 2013


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

Shelly R. James (Law Office of Shelly R. James, PLLC, on briefs),
for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


William Shane Webb (appellant) was convicted on his guilty pleas for driving while he

was deprived of the right to do so by Code § 18.2-271, in violation of Code § 18.2-272, and

driving while his license was suspended or revoked, in violation of Code § 46.2-301.[1]  On

appeal, he contends his punishment for the same behavior under both Code § 18.2-272 and Code

§ 46.2-301 violated double jeopardy principles.  He avers that although he did not explicitly

make this argument in the trial court, Rule 5A:18's "ends of justice" provision, in combination

with his request to the trial court to order that the sentences run concurrently, entitles him to raise

this issue for the first time on appeal.  We hold the ends of justice exception does not apply, and

we affirm the challenged sentences.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant also was convicted for leaving the scene of an accident involving personal
injury, in violation of Code § 46.2-894.  That conviction and sentence are not at issue in this
appeal.

Under Rule 5A:18, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." The rule applies to bar even constitutional claims. E.g., Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). The ends of justice exception to Rule 5A:18 "addresses the effect of the error," Campbell v. Commonwealth, 14 Va. App. 988, 996, 421 S.E.2d 652, 657 (1992) (en banc) (Barrow, J., concurring), and requires proof that the claimed error was "clear, substantial and material," Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989). In the criminal context, application of the ends of justice exception is appropriate upon proof of error in the *result*, i.e., where "[the accused] was convicted for conduct that was not a criminal offense" or "the record . . . affirmatively proves that an element of the offense did not occur." Redman v. Commonwealth, 25 Va. App. 215, 221-22, 487 S.E.2d 269, 272-73 (1997). In addition, in a very limited class of cases, proof of error in the *process* is considered so significant that the ends of justice exception will be applied even without proof of error in the *result*, i.e., where a trial court has failed to meet its "affirmative duty properly to instruct a jury about" "a principle of law . . . vital to a defendant in a criminal case." Jimenez v. Commonwealth, 241 Va. 244, 250, 402 S.E.2d 678, 681 (1991).

Appellant concedes he did not expressly raise the double jeopardy issue in the trial court and that failure to do so would ordinarily amount to waiver of this constitutional claim. Appellant acknowledges our holding reaching just such a conclusion in West v. Commonwealth, 43 Va. App. 327, 597 S.E.2d 274 (2004). In West, the defendant was convicted, in a single proceeding, of involuntary manslaughter and aggravated involuntary manslaughter based on the same death. We held the mere fact that a double jeopardy violation appeared on the face of the record did not support invocation of the ends of justice exception because the exception applies

only where the record shows the defendant was convicted of conduct that was not criminal or that an element of the offense did not occur. Id. at 338-40, 597 S.E.2d at 279-80.

Here, appellant contends that by asking the trial court in his post-sentencing letter to order his two twelve-month sentences to run concurrently rather than consecutively, he implicated the issue of double jeopardy to a sufficient extent that, in combination with the ends of justice exception, this Court should consider his assignment of error.

We reject this contention. The trial court ruled that appellant's request to order that his sentences run concurrently was an *ex parte* communication, and as a result, it did not consider appellant's request. See generally Canon of Jud. Conduct 3(B)(7) (forbidding a judge's consideration of *ex parte* communications); Williams & Connolly, LLP v. PETA, 273 Va. 498, 515-16, 643 S.E.2d 136, 144 (2007) (noting that the canon "plainly is intended to restrict private oral and written communication with a judge"). Appellant did not challenge that ruling. Accordingly, appellant's request to the trial court to run the sentences concurrently is not part of the record for purposes of appeal, and we may not consider it in determining whether the ends of justice exception to Rule 5A:18 applies. Absent any effect from the filing of this motion, appellant's case comes to us in the same procedural posture as West in that he has been convicted and sentenced for the offenses he challenges, and he failed to object on double jeopardy grounds in the trial court. Our holding in West compels the conclusion that the ends of justice exception does not apply on these facts.[2] Accordingly, here, as in West, we hold Rule 5A:18 bars consideration of appellant's double jeopardy argument.

---

[2] West included a separate opinion dissenting from the procedural ruling based on the conclusion that the double jeopardy issue was preserved. 43 Va. App. at 344-47, 597 S.E.2d at 282-83 (Elder, J., concurring and dissenting). Of course, the prevailing majority view in West constitutes the controlling legal authority under "application of the doctrine of *stare decisis* until overruled by a decision of the Court of Appeals sitting *en banc* or by a decision of this Court," Johnson v. Commonwealth, 252 Va. 425, 430, 478 S.E.2d 539, 541 (1996) (citing Commonwealth v. Burns, 240 Va. 171, 174, 395 S.E.2d 456, 457 (1990)). Accordingly, we are duty-bound to apply the prevailing view in West.

In sum, we hold the ends of justice exception to Rule 5A:18 does not apply to excuse appellant's failure to object on double jeopardy grounds in the trial court.  Therefore, we affirm the challenged sentences.

Affirmed.