COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Huff and Lorish

ANTONE LAMONT SHIELDS

v.      Record No. 0647-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
APRIL 4, 2023

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Bonnie L. Jones, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Justin B. Hill, Assistant
Attorney General, on brief), for appellee.

Antone Lamont Shields entered conditional guilty pleas to possession of a concealed

weapon and possession of a firearm by a violent felon. The circuit court sentenced him to a total of

five years and twelve months' incarceration with twelve months suspended. Shields contends that

the circuit court erred in denying his motion to suppress because certain evidence was obtained in

violation of Code § 4.1-1302(A).[1] After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

[1] The legislature repealed Code § 18.2-250.1 and recodified the provisions relevant to this
case at Code § 4.1-1302. 2021 Va. Acts Sp. Sess. I cc. 550-51.

BACKGROUND

"On an appeal of a circuit court's denial of a motion to suppress, this Court reviews the evidence in the light most favorable to the Commonwealth." *Montgomery v. Commonwealth*, 75 Va. App. 182, 187 (2022).

On April 4, 2017, City of Hampton Police Detective Robertson was driving eastbound on West Weaver Road behind another vehicle. Smelling the odor of marijuana through his air conditioning ventilation system, Detective Robertson initiated a traffic stop and removed the car's occupants, including Shields, a rear seat passenger. Detective Robertson searched Shields and found a firearm in his waistband. Detective Robertson learned that Shields was a convicted violent felon.

Shields moved to suppress the evidence of the firearm, arguing that it was obtained in violation of Code § 4.1-1302(A), which prohibits searches based on the odor of marijuana and deems any evidence obtained by violating that prohibition inadmissible. Shields acknowledges that the legislature enacted the section subsequent to his search but argues that the section applies retroactively. The circuit court denied Shields' motion, finding that the legislature did not intend for the section to apply retroactively. Following the circuit court's ruling, Shields entered conditional guilty pleas to the charges, and Shields now appeals.

ANALYSIS

Shields argues that the circuit court erred in denying his motion to suppress because Code § 4.1-1302(A) prohibits the police from conducting searches based on the odor of marijuana and deems any evidence obtained from violating that prohibition inadmissible at any trial, hearing, or other proceeding. Shields asserts that although the search took place before the legislature enacted the section, the section applies retroactively.

Code § 4.1-1302(A) provides the following prohibitions:

> No law-enforcement officer . . . may lawfully stop, search, or seize any person, place, or thing and no search warrant may be issued solely on the basis of the odor of marijuana and no evidence discovered or obtained pursuant to a violation of this subsection, including evidence discovered or obtained with the person's consent, shall be admissible in any trial, hearing, or other proceeding.

On appeal from the denial of a motion to suppress, this Court "determine[s] whether the accused has met his burden to show that the trial court's ruling, when the evidence is viewed in the light most favorable to the Commonwealth, was reversible error." *Merid v. Commonwealth*, 72 Va. App. 104, 108 (2020) (quoting *Cantrell v. Commonwealth*, 65 Va. App. 53, 56 (2015)). "When the relevant facts are undisputed on appeal . . . the issue is a pure question of law subject to *de novo* review." *Street v. Commonwealth*, 75 Va. App. 298, 304 (2022). "Whether a statute should be applied retroactively is also a question of law that an appellate court reviews *de novo*." *Id.*

"The 'usual rule' regarding a new statute is 'that legislation is . . . prospective' only." *Id.* at 305 (alteration in original) (quoting *Martin v. Hadix*, 527 U.S. 343, 357 (1999)). Retroactive application of statutes is disfavored. *Id.* "A statute is retroactive only if the legislature includes an express provision or other clear language indicating that it applies retroactively." *Id.*

In *Street*, we held that Code § 4.1-1302(A) did not apply retroactively. *Id.* at 311. Instead of finding a statement indicating that the legislature intended for the statute to apply retroactively, the Court found the opposite. *Id.* at 307. We held that the statute excluded evidence that was obtained "pursuant to a violation of *this subsection*." *Id.* (emphasis added) (quoting Code § 4.1-1302(A)). Like in *Street*, when Detective Robertson seized Shields' vehicle and searched him in 2017, "that search did not and could not violate the nonexistent statute." *Id.* at 309. Consequently, Shields cannot invoke the remedy provided by the statute.

Additionally, we note that "[u]nder our rule of interpanel accord . . . [t]he decision of one panel 'becomes a predicate for application of the doctrine of *stare decisis*' and cannot be overruled

except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court." *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73 (2003) (quoting *Johnson v. Commonwealth*, 252 Va. 425, 430 (1996)). Therefore, we must adhere to the holding in *Street*.

## CONCLUSION

The circuit court did not err in denying Shields' motion to suppress because Code § 4.1-1302(A) did not apply at the time of the search. Accordingly, we affirm the circuit court's judgment.

*Affirmed.*