COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Chaney and Bernhard
Argued by videoconference


COMMONWEALTH OF VIRGINIA
                                        MEMORANDUM OPINION* BY
v.      Record No. 1987-24-2             JUDGE DAVID BERNHARD
                                        MAY 13, 2025
LIONELL HARDY


FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
Joseph M. Teefey, Jr., Judge

Ryan Beehler, Assistant Attorney General (Jason S. Miyares,
Attorney General, on briefs), for appellant.

Abigail L. Paules (Whaley Paules, LLC, on brief), for appellee.


In this appeal, we address the novel question whether a trial aborted before a jury is

impaneled—by virtue of the trial court's declaration of a "mistrial"—operates to toll the

statutory speedy trial period under Code § 19.2-243. In *Fisher v. Commonwealth*, 26 Va. App.

788 (1998), this Court held the grant of a mistrial tolls the running of the statutory speedy trial

clock.[1] But *Fisher* presupposed a legally commenced trial—one in which the jury had been

sworn and jeopardy had attached. Here, by contrast, because the jury was never impaneled, no

trial legally commenced before the court's declaration of a mistrial and continuance of the

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] In *Fisher*, the defendant's first trial commenced within the timeframe required by Code
§ 19.2-243 but ended in a mistrial at the defendant's request, due to "deficiencies in the
Commonwealth's response to previously ordered discovery." 26 Va. App. at 791. A second trial
also resulted in a mistrial, again on the defendant's motion. On appeal, this Court held that
"when a prosecution is disrupted by mistrial, the commencement of such trial, if timely, satisfies
the statutory mandate and excludes subsequent retrials from the provisions of Code § 19.2-243."
*Id.*

proceedings. As such, the statutory speedy trial period was not tolled under *Fisher*.

Accordingly, this court affirms the circuit court's dismissal of the charges against Hardy, as no

trial commenced within the timeframe mandated by Code § 19.2-243.

BACKGROUND

On November 3, 2023, a Nottoway County grand jury indicted Lionell Lee Hardy

("Hardy") for conspiracy to commit murder and attempted murder.[2] Hardy was served with the

indictments on November 6, 2023, and was held in custody thereafter. On December 18, 2023,

Hardy's jury trial was scheduled to begin March 6, 2024.

The parties appeared for trial on March 6, 2024. The circuit court arraigned Hardy and

conducted voir dire of potential jurors. The judge, counsel, and Hardy then moved from the

courtroom to a conference room for the defense to raise motions before conducting peremptory

strikes. After the change in location, defense counsel stated Hardy had been escorted there by

two uniformed "prison guards," raising the inference to the jury that he was incarcerated.

Defense counsel moved for a mistrial, and the Commonwealth raised no objection. The circuit

court granted the motion for a mistrial. The circuit court continued the matter to May 7, 2024,

"for docket keeping purposes," and the parties were "ordered to coordinate a new trial date with

the [c]ourt [a]dminstrator."

At a hearing on May 7, 2024, the parties agreed a jury trial date of July 9, 2024, had been

set.[3] On June 26, 2024, the Commonwealth filed a motion to continue the trial date because the

prosecutor who previously handled the case obtained employment in another jurisdiction. On

---

[2] In the course of the proceedings against Hardy, defense counsel later claimed that Hardy had been indicted on the same charges before but that they were nolle prosequied on the Commonwealth's motion on the day of his scheduled trial. The record contains no documents relating to Hardy's previous indictments for the same charges.

[3] The record is unclear how that date was selected.

July 2, 2024, Hardy filed a written objection to any continuance without a hearing, asserting, among other things, his constitutional and statutory rights to a speedy trial. In a written response to Hardy's earlier objection on speedy trial grounds, the prosecutor argued that the court's continuance of the July 9, 2024 trial date "was proper and that it did not violate" Hardy's speedy trial rights. By order entered on July 10, 2024, the circuit court, "on its own motion," continued the matter to September 3, 2024, "for the setting of a jury trial date" because the "retired, recalled judge initially scheduled to preside on July 9, 2024, [wa]s no longer available."[4] The record does not indicate that a new jury trial date was ever set following the court's continuance of the July 9, 2024 trial date. The order also provided, "Upon agreement of counsel and the Court, this matter may be preset to an earlier date/time."

These developments culminated in Hardy's motion to dismiss on speedy trial grounds at a hearing on November 21, 2024. Disagreeing with this Court's holding in *Fisher*, Hardy maintained the March 6, 2024 mistrial did not toll the statutory speedy trial clock. He also asserted his trial never "commenced" on March 6, 2024, as required by Code § 19.2-243, because the jury was not impaneled and jeopardy did not attach. Hardy additionally alleged a violation of his constitutional speedy trial right.

The Commonwealth responded that the statutory speedy trial issue involving the mistrial was controlled by *Fisher*, and Hardy had sustained no violation of his rights under Code § 19.2-243 because the statutory speedy trial clock remained tolled. The prosecutor further

---

[4] At oral argument before this Court, Hardy's counsel stated that the parties did not appear for any hearing on September 3, 2024, and instead set a hearing on Hardy's motion to dismiss on speedy trial grounds for September 23, 2024. A transcript in the record before this Court on appeal shows that the parties did appear before the circuit court on September 23, 2024, where the parties agreed to continue the hearing on Hardy's speedy trial objection to November 8, 2024, so that Judge Teefey could hear the matter. By scheduling order entered on September 30, 2024, the circuit court continued the case to November 8, 2024, "for any motions to be heard by the Chief Judge of Nottoway County."

maintained the unavailability of the assigned judge for the July trial effectively tolled the speedy trial period. The Commonwealth argued that no constitutional speedy trial claim had been proven.

Applying *Fisher*, the circuit court found the statutory speedy trial period was tolled by the March mistrial. The circuit court further found the tolling continued from July 9 to September 3, because a jury trial was scheduled but the judge became unavailable due to a "medical procedure."[5] The circuit court, however, disagreed that the tolling continued indefinitely after the mistrial, and found the statutory speedy trial clock began to run again on September 3, 2024. Thus, the circuit court concluded that as of the date of the November 21, 2024 hearing, the five-month speedy trial period under Code § 19.2-243 had expired. The court therefore dismissed the charges against Hardy on statutory speedy trial grounds.[6] The Commonwealth appealed.

ANALYSIS

At the heart of this appeal lies the question whether the trial proceedings on March 6, 2024, "commenced" within the meaning of Code § 19.2-243. The Commonwealth contends the holding in *Fisher*, 26 Va. App. 788, is dispositive of the speedy trial tolling question presented in this case, where this Court held that a timely commenced trial ending in a mistrial satisfies the

---

[5] Circumstances of an emergency nature may toll speedy trial even if not one of the specified exceptions enumerated by statute. *See, e.g.*, *Wallace v. Commonwealth*, 65 Va. App. 80, 93 (2015), *aff'd mem.*, 292 Va. 1 (2016) ("Although a prosecutor's family emergency is not one of the enumerated reasons for delay in Code § 19.2-243, the Supreme Court has repeatedly held that 'the exceptions stated in the statute are not meant to be all-inclusive, and other exceptions of a similar nature are implied.'" (quoting *Hudson v. Commonwealth*, 267 Va. 36, 41 (2004))).

[6] The circuit court found no violation of Hardy's constitutional speedy trial right, and no such claim is before this Court on appeal. In contrast to statutory speedy trial, there is no fixed time frame for determining constitutional speedy trial violations. Trial courts must instead evaluate the length of delay, reason for delay, defendant's assertion of the right, and prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

- 4 -

statutory speedy trial requirement, excluding the time between mistrial and retrial from the deadline in Code § 19.2-243. The Commonwealth asserts the circuit court erred by failing to follow "the clear precedent of this Court's decision in *Fisher* . . . that a prior mistrial not brought about by prosecutorial misdeeds[,] that takes place within the time requirements of Virginia Code Section 19.2-243 satisfies the Commonwealth's responsibilities under statutory speedy trial going forward."

> A mistrial generally results from "some adventitious cause" that impairs due process or otherwise thwarts the proper administration of justice. Therefore, when a prosecution is disrupted by mistrial, the commencement of such trial, if timely, satisfies the statutory mandate and excludes subsequent retrials from the provisions of Code § 19.2-243. This result is especially appropriate where . . . the remedy of mistrial was granted upon motion of the accused, without evidence of machinations by the Commonwealth.

*Fisher*, 26 Va. App. at 793. One contextual distinction between *Fisher* and Hardy's proceedings, is that, in the latter case mistrial was granted twice, each time *after* the jury had been sworn. *Id.* at 791. Notably, *Fisher* did not address the threshold question of what constitutes the legal "commencement" of trial, nor resolve whether a mistrial declared *before* a jury is sworn triggers the tolling of statutory speedy trial.

Under Code § 19.2-243, "[w]here a district court has found that there is probable cause to believe that an adult has committed a felony" and the defendant "is held continuously in custody thereafter," his trial must commence "within five months from the date such probable cause was found by the district court . . . . If an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein, the five . . . month[] period[] . . . shall commence to run from the date of his arrest thereon." "The five-month requirement translates 'to 152 and a fraction days.'" *Wallace v. Commonwealth*, 65 Va. App. 80, 89 (2015) (quoting *Howard v. Commonwealth*, 55 Va. App. 417, 423 (2009), *aff'd*, 281 Va. 455 (2011)), *aff'd mem.*, 292 Va. 1 (2016). Under Code § 19.2-243, the speedy trial clock began to run when Hardy was

- 5 -

served with the indictments and was placed in custody on November 6, 2023. His jury trial scheduled for March 6, 2024, was within the five-month limitation period applicable when a defendant, like Hardy, is held in custody continuously. "[I]f the accused is not tried within the period of time specified in the statute, the burden is on the Commonwealth to explain and excuse the delay." *Id.*

In *Fisher*, this Court found the tolling of the speedy trial deadline under Code § 19.2-243 by the grant of a mistrial, holding the statute "addresses the commencement of trial, not the conclusion of proceedings." 26 Va. App. at 792 (quoting *Morgan v. Commonwealth*, 19 Va. App. 637, 640 (1995)). *Fisher* held the time between a mistrial and the subsequent retrial did not violate the defendant's statutory speedy trial right because the defendant's trial "commenced" under Code § 19.2-243 when the defendant's first trial began. 26 Va. App. at 793. Hence, when the first trial ends in a mistrial, a defendant's retrial is "'but an extension of that same proceeding, based upon the same indictment and process and following a regular, continuous order' and without 'implicating a new [statutory] speedy trial time frame.'" *Id.* (quoting *Morgan*, 19 Va. App. at 639).

This Court's holding in *Fisher* is broadly stated and could encompass the entire period of trial delay following Hardy's March 6, 2024 "mistrial." While still maintaining *Fisher* was incorrectly decided,[7] Hardy also contends the decision does not countenance indefinite tolling of the speedy trial period following a mistrial. Hardy further argues his trial never "commenced" within the meaning of Code § 19.2-243, because the March 6, 2024 mistrial occurred before

---

[7] This Court cannot, sitting as a panel, accept Hardy's invitation to reverse the decision in *Fisher*. Respecting published decisions, "[u]nder the interpanel accord doctrine, the 'decision of one panel "becomes a predicate for application of the doctrine of [stare decisis]" and cannot be overruled except by the Court of Appeals sitting [en banc] or by the Virginia Supreme Court.'" *Atkins v. Commonwealth*, 54 Va. App. 340, 343 n.2 (2009) (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73 (2003)).

jeopardy attached. This contention highlights a critical interpretive issue: the precise moment at which a trial is deemed to have commenced for statutory speedy trial purposes.

This Court therefore turns to the central question in this appeal, namely, what constitutes commencement of trial under Code § 19.2-243. The statute

> uses the word "commenced" repeatedly and purposefully to define compliance with the time periods prescribed as the statutory measure of the right of an accused to a speedy trial. Nowhere does the statute, including the last unnumbered paragraph, require that the trial, once timely commenced, be concluded before the termination of the time period.

*Johnson v. Commonwealth*, 252 Va. 425, 428 (1996). The "commencement" context in *Johnson* was retrial upon remand where the Supreme Court noted "upon retrial following reversal on appeal, the right of an accused to a speedy trial is governed exclusively by the constitutional mandate." *Id.* at 429. Precedents construing "commencement" invariably do so in the context of trials that have advanced beyond voir dire. The cases presume a trial "commences" when a jury has been sworn—addressing the point at which jeopardy attaches. *Brown v. Commonwealth*, 28 Va. App. 315, 326 (1998) ("Because the jury had not been sworn, trial had not commenced, jeopardy had not attached, and no mistrial could be declared. Therefore, appellant's remedy lay in disqualifying the entire jury venire."); *see, e.g.*, *Commonwealth v. Washington*, 263 Va. 298, 303 (2002) (The defendant has "the right . . . to have his trial completed before the first jury [i]mpaneled to try him." (first alteration in original) (quoting *Oregon v. Kennedy*, 456 U.S. 667, 673 (1982))); *Allen v. Commonwealth*, 252 Va. 105 (1996); *Martin v. Commonwealth*, 242 Va. 1 (1991); *Rosser v. Commonwealth*, 159 Va. 1028, 1032 (1933). Virginia case law has consistently equated the commencement of trial with the impaneling of the jury—not the mere conduct of voir dire—in a manner that aligns with the point at which jeopardy attaches.

In a criminal jury trial, jeopardy attaches upon the impaneling and swearing of the jury. *Rosser*, 159 Va. at 1032. This principle flows from the constitutional protection against double

jeopardy, ensuring an individual is not tried twice for the same offense once jeopardy has attached. "Even though jeopardy attaches once the jury has been sworn, a defendant's double jeopardy protection can be waived." *Washington*, 263 Va. at 303. For instance, "a defendant's consent to a mistrial is implied when a defendant had an opportunity to object to a mistrial but failed to do so." *Id.* Therefore, Hardy's request for a mistrial in the instant case, certainly operated as a waiver of the attachment of jeopardy at the March 6, 2024 hearing, even if trial is deemed to commence on that date. It is clear for purposes of double jeopardy that trial does not commence upon the mere conduct of voir dire. This does not, however, answer the question of whether "commencement" for purposes of double jeopardy is corresponding with that for purposes of calculating statutory speedy trial.

The Commonwealth urges a disparate reading of the term "mistrial," whereas the defense does not. Specifically, the Commonwealth asks this Court to treat the trial judge's use of the word "mistrial" as dispositive in determining whether this case falls within the ambit of speedy trial tolling under *Fisher*. The Commonwealth contends that, under the "law of the case" doctrine, the trial court's characterization of the proceeding as a "mistrial" binds this Court to accept that label as establishing the factual predicate for tolling.

This reliance on the "law of the case" doctrine is erroneous. The Supreme Court of Virginia has explained the specific, limited conditions under which the doctrine may be invoked:

> *Where there have been two appeals in the same case*, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal. Right or wrong, it is binding on both the trial court and the appellate court, and is not subject to re-examination by either. For the purpose of that case, though only for that case, the decision on the first appeal is the law.

*City of Charlottesville v. Sclafani*, 300 Va. 212, 218 (2021) (emphasis added) (quoting *Steinman v. Clinchfield Coal Corp.*, 121 Va. 611, 620 (1917)). Thus, the doctrine does not preclude this

Court from assessing whether there was, in fact, a qualifying mistrial to which *Fisher* applies. Here, our review involves a straightforward legal determination on a *first* direct appeal.

Moreover, the Commonwealth's argument—that a judge's mere invocation of the term "mistrial" prior to the attachment of jeopardy conclusively establishes *Fisher* tolling—produces a functional inconsistency. It would lead to a divergent interpretation of "commencement" under statutory speedy trial protections versus constitutional double jeopardy principles, based solely on a trial court's use of a discretionary label. Yet Code § 19.2-243 draws no such distinction, stating "a trial is deemed commenced at the point when jeopardy would attach." Further, case law treats the formal commencement of trial in both contexts identically. *Bolden v. Commonwealth*, 49 Va. App. 285, 291 (2007) (when "trial commences for double jeopardy purposes [it] likewise triggers the timing of the speedy trial statute").

Courts must generally avoid creating functional inconsistencies with both common law and constitutional principles when interpreting statutes. Virginia law adheres to the principle that statutory interpretation must align with constitutional mandates and avoid conflicts with established common law norms. In *Commonwealth v. Doe*, 278 Va. 223, 229 (2003), the Supreme Court of Virginia stated that courts have a duty to interpret statutes in a way which avoids constitutional questions whenever possible. The Court also noted that when a statute can be interpreted in two ways—one that aligns with legislative power and one that does not—the interpretation conforming to the Constitution must be adopted. 278 Va. at 230. The interpretation urged by the Commonwealth would misalign commencement of trial for purposes of the Constitution with when trial commences for purposes of statutory speedy trial, when, notably, Code § 19.2-243 does not specify such a difference. Furthermore, if "commencement" can be interpreted in two ways, this Court must select that which aligns with the constitutional principle of jeopardy. *Id.* When facing definitional ambiguity, courts have the "duty to interpret

the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal." *Va. Elec. & Power Co. v. Bd. of Cnty. Supervisors*, 226 Va. 382, 387-88 (1983). The General Assembly's enactment of Code § 19.2-243 reflects a deliberate policy choice to limit prolonged pretrial incarceration. In evaluating the speedy trial statute, the plain legislative goal is for actual trial to commence, not merely that pretrial voir dire be held.

In light of this statutory purpose and interpretive precedent, we turn to the legal effect of the March 6 proceeding. This Court must assess whether the trial court's invocation of the term "mistrial" on March 6 bears independent legal significance under *Fisher*, despite the trial not having legally commenced. When the trial has not yet begun—i.e., when jeopardy has not attached in a criminal case—the court's act of vacating a scheduled trial date and setting a new one is more properly understood as a continuance, not a mistrial. Labeling the March 6 event a "mistrial" does not alter its legal effect. A mistrial presupposes the start of trial, while a continuance is merely the adjournment of proceedings to a later date. *Mistrial*, *Black's Law Dictionary* (12th ed. 2024) (A mistrial comprises "[a] trial that the judge brings to an end, without a determination on the merits, because of a procedural error or serious misconduct occurring during the proceedings."); *Continuance*, *Black's Law Dictionary*, *supra* (A continuance is the mere "*adjournment* or postponement of trial or other proceeding to a future date." (emphasis added)). Virginia law rejects reliance on labels when substance governs. *See, e.g.*, *Mu'Min v. Commonwealth*, 239 Va. 433, 441 n.2 (1990) ("It is of no consequence that both Mu'Min and the Commonwealth labelled their pleadings as motions for bills of particulars. The titles are irrelevant; judged by their substance, the two pleadings are motions for discovery."); *Glenn v. Brown*, 99 Va. 322, 326 (1901) (noting "the practice in Virginia . . . of the courts is to disregard the mere names of things, and to consider and apply their substance"). Evaluated by its procedural substance rather than the label Hardy assigned to his motion, the request for a

"mistrial" was, in effect, a request for a continuance. The label "mistrial" in such a context is therefore inapposite and not controlling.

Whether an event is categorized as a mistrial or a continuance affects legal rights—particularly in criminal cases where double jeopardy or speedy trial implications arise. The granting of a mistrial generally involves invocation of the standard of "manifest necessity" to interrupt a trial.[8] Code § 8.01-361; *see Prieto v. Commonwealth*, 278 Va. 366, 389 (2009). In contrast, a continuance is justified based on a less heightened standard of "good cause" therefor. *See Price v. Commonwealth*, 24 Va. App. 785, 789 (1997). Here, as jeopardy had not attached, the trial court was empowered to grant a postponement based on mere "good cause" rather than having to resort to a justification of "manifest necessity." There is little distinction between whether the court granted the adjournment during voir dire, or earlier during a pretrial motion, or at any time prior to the jury having been sworn. The holding in *Fisher* refers to a "mistrial," not to an aborted jury selection process or a continuance on the day of trial before the jury has been sworn, and rather in a factual context where a jury was actually impaneled. *Fisher* is simply not applicable to Hardy's case, and the circuit court's reliance on *Fisher* was misplaced. Thus, a trial cannot be adjourned as a "mistrial" unless it has legally begun; absent commencement, the speedy trial clock continues to run.

Inasmuch as *Fisher* does not apply to postponements occurring before jeopardy has attached—and because Hardy's trial never legally commenced—the March 6, 2024 adjournment must be treated as a continuance rather than a mistrial. Although styled otherwise, the motion granted that day simply reset the trial to July 9, 2024. A subsequent continuance to September 3, 2024, was necessitated by the presiding judge's medical unavailability.

---

[8] A trial court may declare a mistrial if "there is a manifest necessity for such discharge." Code § 8.01-361. Once "manifest necessity compels a mistrial, a retrial does not violate double jeopardy principles." *King v. Commonwealth*, 40 Va. App. 364, 373 (2003).

The circuit court treated both postponements as tolling events under Code § 19.2-243, concluding the Commonwealth retained 30 days of unexpired time to bring Hardy to trial. No party appeared on the September 3, 2024 docket control date, and the matter was continued at a hearing on September 23, 2024, so the parties' speedy trial arguments could be considered by the chief judge of Nottoway County Circuit Court, who had entered the order continuing the July 9, 2024 trial date. Hardy next appeared before the court on November 21, 2024, to argue for dismissal on speedy trial grounds.

Regardless of whether the speedy trial clock resumed running on September 3 or September 23, 2024, by November 21, 2024, more than 153 days not excused by tolling had unquestionably elapsed.[9] Under any plausible calculation, the statutory period had expired. Because Hardy's trial did not commence within the timeframe mandated by Code § 19.2-243, prosecution was barred. *See Wallace*, 65 Va. App. at 89.

CONCLUSION

Accordingly, this Court affirms the circuit court's judgment dismissing Hardy's charges, albeit on different grounds than those held by the circuit court.

*Affirmed.*

---

[9] Although the trial court purported to apply *Fisher*, it simultaneously and inconsistently limited the scope of tolling under that precedent. This invocation of *Fisher* was an unnecessary analytical detour. Nevertheless, the trial court's ultimate ruling on the speedy trial issue was substantively correct in effectively treating the so-called "mistrial" as a pretrial continuance rather than a true mistrial, which would actually have resulted in triggering an indefinite tolling under *Fisher*.